OPINION OF THE COURT
Damian J. Amodeo, J.
In this Family Court Act article 7 proceeding the presentment agency seeks a declaration that respondent is a person in need of supervision. It is alleged that respondent failed to attend school in accord with the provisions of part I of article *476 65 of the Education Law. A hearing was held on January 13, 1989.
Following submission of a certified transcript of respondent’s attendance record for the 1987-1988 school year, the presentment agency rested (see, Matter of John R., 79 Misc 2d 339, 345). That transcript indicated more than 50 unexcused absences between September 22, 1987 and June 13, 1988.
Respondent’s mother, testifying on his behalf, stated that in 1985 the Dover Union Free School District Committee on the Handicapped classified respondent as “emotionally disturbed”, and respondent was placed in the Kingston Children’s Home where he received special educational services for the 1986-1987 school year. However, without his parents receiving written notification from the school district, as required by section 4402 of the Education Law (see, 8 NYCRR 200.5 [a]), respondent was reclassified and returned to a regular school program in the Dover Union Free School District for the 1987-1988 school year.
It is on the basis of the district’s failure to strictly comply with the notice requirements of section 4402 of the Education Law that respondent has moved to dismiss the petition. Respondent asserts that the failure of the school district to properly notify his parents regarding the reclassification rendered his return to a regular course of study illegal. Respondent argues that he cannot be charged with illegally absenting himself from classes to which he had been illegally assigned.
It should be noted that respondent’s mother testified that, although no written notification of the district’s intent to reclassify her son was received, she was aware that such reclassification had occurred; that she filed no objection to that reclassification; that no attempt was made to have their son continue to be schooled in the facility he attended the previous year, and that respondent began attending the Dover Junior High School at the commencement of the 1987-1988 school year. No suggestion has been made that the reclassification was in any way unjustified or otherwise improper. Nor has any suggestion been made that respondent failed to attend any of his classes at the direction of either of his parents.
At the conclusion of the hearing the court invited counsel for respondent and the presentment agency to submit memoranda in support of their respective positions. The court has received and considered the submissions made by each party.
Section 3205 (1) (a) of the Education Law, in pertinent part, *477 provides that a minor child between the ages of 6 and 16 "shall attend * * * full time instruction” (see, Family Ct Act § 712 [a]). Section 3208 of the Education Law provides certain exemptions from attendance based upon the physical or mental condition of the individual whose attendance would otherwise be required (see, Education Law § 3210 [1] [b]). Respondent has not asserted that his failure to attend was based upon any of the exceptions set forth in section 3208 or any other applicable statute, rule or regulation.
In support of his position respondent relies primarily upon the holdings in Matter of Ian D. (109 Misc 2d 18) and Matter of Andrew R. (115 Misc 2d 937). Each of those cases are distinguishable on the law and on the facts from those presented in the case at bar.
In Matter of Ian D. (supra), respondent maintained that he was unable to attend school because of constant abuse from other students, who ridiculed him about being poor and about wearing secondhand, inadequate clothing. He also asserted that his pleas for assistance from school authorities fell upon deaf ears. The court found that respondent’s refusal to attend school under those circumstances was legally proper and that the reason advanced for his actions were substantially similar to the defense of justification found in the Penal Law. (See, Penal Law § 35.05; see also, Education Law § 3208 [1], [2].)
In Matter of Andrew R. (supra), the court refused to find respondent to be a person in need of supervision where his failure to attend school was coupled with and a product of his refusal to remain at a residential facility following a voluntary placement made by his parents pursuant to Social Services Law § 384-a. That court based its determination in large measure upon the fact that there had been no review of the voluntary placement by a neutral fact finder for several months; that serious questions were presented regarding respondent’s acquiescence to the initial placement; and the fact that there appeared to be a serious conflict between respondent and his parents regarding the placement itself. The court held that respondent’s placement in the facility against his will involved a substantial deprivation of liberty and declined to adjudicate respondent a person in need of supervision, concluding that his failure to attend school while at the facility must be viewed in the same light as his refusal to stay at the facility itself. Having determined that his initial placement and continued residence at the facility violated respondent’s basic constitutional rights, the court ruled that respon *478 dent’s refusal to attend educational programs incident to that constitutionally impermissible placement could not form the basis of his adjudication as a person in need of supervision.
Unlike respondent in Matter of Ian D. (supra), respondent in the case at bar has not asserted that his actions were justified by any threat to his health or safety or that his well-being was otherwise placed in jeopardy by his attendance at regular classes following his decertification. And, unlike respondent in Matter of Andrew R. (supra), respondent here is not asserting that his failure to attend school was justified by a substantial violation of his constitutional rights.
While the declassification procedures used by the Dover School District may have been technically deficient, unlike the facts presented in Matter of Board of Educ. (21 Ed Dept Rep 521, 522 [decision No. 10,776]), the action of the Dover School District was known to respondent’s parents and, as noted above, no suggestion has been made that the reclassification was in any way unsatisfactory to respondent or his parents (see, Matter of Michael A., 16 Ed Dept Rep 18, 21 [decision No. 9282]).
Accordingly, respondent’s argument based upon the reclassification procedure is found to be without merit.
Respondent also asserts that proof of nonattendance, standing alone, is insufficient to sustain the petition. Respondent argues that the proof must also establish that the nonattendance was intentional. In Matter of Barbara M. (130 Misc 2d 20, 23), cited by respondent, the court held that "[t]he issue in the proceeding herein is not, however, whether the respondent willfully intended not to attend school, but whether her absence from school was excusable and permissible or unlawful.” Similarly, in Matter of Andrew R. (supra, at 945-946), the court made it clear that intent, when viewed in the context of a school attendance case, is negated only in those instances in which attendance is excused by some statutory or other equivalent substantial reason (see, Ossant v Millard, 72 Misc 2d 384; see also, Penal Law § 15.05 [1]).
Had the respondent failed to attend school at the direction of his parents in demonstration of their objection to the deficiencies in the procedures surrounding his reclassification or in protest of their objection to and dissatisfaction with the educational facilities made available to their son following his reclassification, the arguments now advanced on behalf of respondent would be far more persuasive. This court views *479 respondent’s present assertions, regarding the manner of his reclassification, to be a convenient rather than a legal excuse for the many times which respondent saw fit to absent himself from regularly scheduled classes at the Dover Junior High School.
Accordingly, the court finds that the presentment agency has established beyond a reasonable doubt that respondent, while less than 16 years of age and without a legally sufficient excuse, failed to attend school in accord with provisions of part I of article 65 of the Education Law in excess of 50 times during the 1987-1988 school year.
The matter is adjourned to April 17, 1989 at 10:30 a.m. for a dispositional hearing. The court directs that the Dutchess County Probation Department conduct an investigation and submit a report with its recommendations to the court prior to the date of such hearing.