■ In the Matter of CHARLES RR., a Person Alleged to be a Juvenile Delinquent, Appellant. JOHN DEE, as Clinton County Attorney, Respondent. (And Two Other Related Proceedings.) —Kane, J. P. Appeals from three orders of the Family Court of Clinton County (McGill, J.), entered July 31, 1989, August 14, 1989 and October 10, 1989, which, in three proceedings pursuant to Family Court Act articles 3 and 7, *inter alia,* adjudicated respondent to be a person in need of supervision.

Respondent appeals his adjudication as a person in need of supervision pursuant to an order of Family Court. Respondent was the subject of two juvenile delinquency petitions and one person in need of supervision petition between November 1988

and June 1989. Pursuant to a subsequent agreement between the parties, respondent admitted to the allegations in one of the juvenile delinquency petitions in return for a dismissal or withdrawal of the remaining petitions and a finding that respondent was a person in need of supervision rather than a juvenile delinquent *(see,* Family Ct Act § 311.4 [1]). Family Court accepted respondent's admissions regarding his possession of stolen property and entered a finding that respondent was a person in need of supervision. A dispositional hearing was held, after which Family Court ordered, *inter alia,* that respondent be placed for one year with the State Division for Youth. Respondent now appeals.

We affirm. Respondent claims that he was unconstitutionally exposed to double jeopardy because at his dispositional hearing Family Court considered the facts underlying the two previously dismissed petitions in adjudicating him a person in need of supervision. The record, however, clearly demonstrates that Family Court made that determination at the fact-finding hearing *(see,* Family Ct Act § 712 [e]), before the dispositional hearing, and based its decision entirely on respondent's admissions, pursuant to his "plea bargain", that he was indeed a person in need of supervision. Furthermore, we reject respondent's argument that at the dispositional hearing Family Court impermissibly considered facts contained in the dismissed petitions in determining that respondent "required supervision" *(see,* Family Ct Act § 712 [f]). The purpose of the dispositional hearing was for Family Court to ascertain and provide for respondent's needs, as he had already been determined to be a person in need of supervision *(see,* Family Ct Act § 712 [e], [f]). As such, any evidence that was material and relevant could be admitted, including, in our view, the facts underlying the dismissed petitions *(see,* Family Ct Act § 745 [a]; 12A Zett-Edmonds-Buttrey-Kaufman, NY Civ Prac § 25.11 [4] *[a]).*

We also reject respondent's arguments concerning the inadmissibility of the school psychologist's testimony. Any patient-psychologist privilege in this instance belonged to respondent who, fully represented by counsel, chose not to assert it *(cf., Matter of Delia v Spina,* 132 AD2d 1006, *lv denied sub nom. Matter of Francine A. D. v Jack S. S.,* 70 NY2d 609). Finally, we find harmless any alleged improprieties in Family Court's admission into evidence of a probation report containing information received from respondent's committee on special education without the consent of respondent's parents *(see,* 8 NYCRR 200.4 [g]; 200.5 [f]). The information in this instance

was not used at the fact-finding hearing *(cf., Matter of Anthony C.,* 143 Misc 2d 475), but was instead offered to aid Family Court in determining the best interest of respondent after his adjudication as a person in need of supervision. In any event, it is our view that, in light of the remaining overwhelming evidence in the record supporting the disposition rendered, an affirmance is proper.

Orders affirmed, without costs. Kane, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.