■ In the Matter of TINA PP., a Person Alleged to be in Need of Supervision, Appellant. ROSALIE RR., Respondent.— Levine, J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered December 4, 1991, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision.

In May 1991, petitioner commenced this Family Court article 7 proceeding to adjudicate respondent a person in need of supervision (hereinafter PINS). It was alleged in the petition that, *inter alia,* respondent had refused on several occasions to enter her school classrooms, threatened and directed vulgar language at teachers and school personnel, struck a fellow student and the school nurse, ran away from home and attempted to cut herself and petitioner with a knife. Respondent denied the allegations in the petition, and fact-finding and dispositional hearings were held. At the conclusion of the hearings, Family Court adjudicated respondent a PINS and ordered that she be placed with the St. Lawrence County Department of Social Services for a period of 12 months. This appeal by respondent ensued.

Respondent's sole contention on appeal is that the Law Guardian provided her ineffective assistance of counsel at the dispositional hearing because he failed to vigorously advocate an alternative to placement and acknowledged a conflict between respondent's desire to go home and his belief that Family Court "should also take into consideration [respondent's] age [15 years] and the material in the Probation Investigation". We disagree. While the Law Guardian was

clearly required "to perform an active role in exploring realistic dispositional alternatives, including the possibility of retaining [respondent] at home" *(Matter of Sandra XX.,* 169 AD2d 992, 994), there is nothing in the record which would realistically tend to support a less restrictive dispositional alternative to placement of respondent *(see, Matter of Peter VV.,* 169 AD2d 995, 997). As noted by Family Court and as set forth in the probation report, efforts to resolve respondent's problems and eliminate the need for placement, through the provision of extensive services including individual and family counseling, evaluations, treatment and foster care, have been unsuccessful. It was concluded in the probation report that respondent required a stable and consistent structured environment and that her needs could not be met at home. Based on the foregoing, we cannot conclude that the Law Guardian's failure to urge an alternative to placement resulted in a denial of effective assistance of counsel.

Nor was the Law Guardian's statement objected to by respondent sufficient to establish that respondent was denied effective assistance of counsel. Reviewing the statement at issue in the context of the Law Guardian's representation of respondent throughout the entire proceedings *(see, Matter of Peter VV., supra,* at 996), the record demonstrates that the Law Guardian conducted an intelligent examination and cross-examination of witnesses at the fact-finding hearing and, contrary to respondent's position, we do not view the Law Guardian's failure at the dispositional hearing to cross-examine the probation department witness and/or present exculpatory evidence as determinative. In her own testimony, respondent admitted to the conduct alleged in the petition and offered no reasonable excuse for her behavior. This, together with the evidence of the ineffectiveness of the various intervention services, negates any claim that placement of respondent back in her unstructured home environment was appropriate. Accordingly, upon consideration of the record as a whole, we find that respondent received meaningful representation *(see, supra,* at 997; *see also, People v Baldi,* 54 NY2d 137).

Mikoll, J. P., Yesawich Jr., Mercure and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.