■ In the Matter of REBECCA Y., a Person Alleged to be in Need of Supervision, Appellant. MARILYN LUBELL, as Assistant Superintendent of the Worchester Central School, Respondent. [600 NYS2d 329] —Mikoll, J. P. Appeal from an order of the Family Court of Otsego County (Nydam, J.), entered November 18, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision.

On or about July 2, 1992 petitioner, the Assistant Superintendent of the Worchester Central School in Otsego County, commenced this Family Court Act article 7 proceeding to adjudicate respondent, then a 15-year-old female, to be a person in need of supervision (hereinafter PINS) based upon respondent's repeated unlawful absenses from school, tardiness and practice of leaving school early. Following a fact-finding hearing, Family Court ruled that respondent was illegally absent from school, had illegally departed from school and was illegally tardy to school. Family Court further found that she and her parents were aware of her attendance difficulties and concluded that respondent was a PINS.

A dispositional hearing was held, after which Family Court concluded that respondent's truancy problems were "part of [a] larger problem" and that she should receive professional counseling. Noting that respondent's mother and stepfather were not receptive to the idea of counseling, Family Court determined that placement of respondent in a foster home for 18 months was the "least restrictive, most viable alternative".

Family Court also issued an order of protection directing that respondent's mother and stepfather participate in family counseling. This appeal ensued.

There should be an affirmance. The finding that respondent was a PINS (Family Ct Act § 712 [a]) was based upon proof beyond a reasonable doubt (Family Ct Act § 744 [b]) that respondent violated Education Law § 3210 requiring her regular attendance at school in the locale where she resides with absences only for causes allowed by the general rules and practices of the public schools (see, Education Law § 3210 [1] [a]; [2] [b]; *Matter of Paul QQ.*, 152 AD2d 764, 764-765). Family Court's resolution of credibility questions presented by the evidence is entitled to deference on our review (see, *Matter of Scott X.*, 184 AD2d 866, 868). The proof revealed that respondent was illegally absent on 16 occasions, illegally tardy on 16 other occasions and left school illegally on 10 occasions. Respondent's explanations for her absences were that she "just didn't want to" go or other nonexcusable reasons. Her mother likewise offered no valid justification for such absences.

Family Court's dispositional hearing determination that respondent be placed in foster care for 18 months is supported by a preponderance of the evidence (see, Family Ct Act § 745 [b]) and was not an abuse of Family Court's discretion (see, *Matter of Robert U.*, 192 AD2d 760, 761; see also, *Matter of Wendy C.*, 133 AD2d 904, 905; *Matter of Jamie L.*, 110 AD2d 975).

Evidence that two prior PINS diversions occurred was presented at the dispositional hearing. An Otsego County Probation Officer testified that she spoke with respondent and her mother and stepfather, among others. She considered the dispositional options available and concluded that only the removal of respondent from her home and placement in a foster home was a "possible option" at this point. She noted that prior Department of Social Services efforts had been a failure. The Probation Officer also stated that because respondent is able to "dictate" what she does and her mother and stepfather are resistant to the idea of counseling, home placement was not appropriate. She recommended removal because respondent is "in control of her parents rather than her parents in control of her". The family refused to go to counseling because they "didn't like counselors". Further, although respondent gave the assurance that she had learned her lesson and would have no problem going to school at the start of the school year in 1992, she again was tardy and left school

without proper excuse. Upon this record, Family Court's dispositional order should not be disturbed.

Finally, Family Court's order of protection (Family Ct Act § 759 [f]) providing that respondent's parents participate in family counseling was not shown to be an abuse of discretion. Her mother's decision to reject counseling was based on her attendance at but one unfavorable session.

Mercure, Crew III and Mahoney, JJ., concur. Ordered that the order is affirmed, without costs.