OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, without costs.
 

 Respondent was adjudicated a person in need of supervision (PINS) in a Family Court Act article 7 proceeding. At her arraignment, respondent was assigned counsel and initially advised of her right to remain silent, as required by Family Court Act § 741. However, she was not accorded the procedural safeguards embodied in Family Court Act § 321.3, the article governing juvenile delinquency proceedings. She argues on this appeal that Family Court’s failure to follow these procedures before she entered an admission on the charges constitutes reversible error. We disagree.
 

 Article 3 explicitly requires that the Family Court advise a respondent that by making an admission he or she is waiving the right to a fact-finding hearing, and ascertain that respondent is aware of the possible specific dispositional orders (Fam
 
 *1011
 
 ily Court Act § 321.3 [1]). There is no comparable provision in article 7. There is no legislative history or rule of statutory construction that would permit us to read into article 7 an express provision of article 3.
 
 *
 
 As respondent was sufficiently advised of her rights to the extent required under Family Court Act § 741, she received all the protection required by the statute. Respondent’s constitutional arguments are unpreserved for our review. Under the circumstances, her admissions were not invalid.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed, without costs, in a memorandum.
 

 *
 

 To the extent
 
 Matter of Jacqueline P.
 
 (149 AD2d 933),
 
 Matter of Rickey B.
 
 (158 AD2d 1002), and
 
 Matter of Christopher W.
 
 (154 AD2d 937) are to the contrary, they are not to be followed.