■ In the Matter of NICOLE EE., a Person Alleged to be in Need of Supervision. LINDA EE., Respondent; NICOLE EE., Appellant. [650 NYS2d 1010] —Peters, J. Appeal from an order of the Family Court of Rensselaer County (Hummel, J.), entered February 21, 1996, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision.

Respondent appeared in Family Court accompanied by her mother (petitioner herein), stepfather and assigned Law Guard-

ian, who had represented her in numerous Family Court appearances in the past. At that appearance, she admitted to a portion of the allegations filed by petitioner alleging that she was a person in need of supervision. Before so admitting, Family Court advised her of her right to remain silent, her right to a fact-finding hearing, the ability to waive that hearing and of the various dispositional alternatives available should she choose to make an admission. Thereafter, the matter was adjourned for the preparation of an updated predispositional report.

At the dispositional hearing, respondent appeared with a new Law Guardian. Family Court explained that there had been a recommendation to adjudicate her as a person in need of supervision and place her on probation for one year. The court then informed respondent that she still had the right to have a hearing and that there were various dispositional alternatives available. During colloquy between the court and the Law Guardian, the court was informed that it had fully reviewed this matter with both respondent and her former counsel, which included the proposed disposition. After being assured that respondent was willing to waive her right to a hearing and that she fully understood the proposed disposition, the court adjudicated her to be a person in need of supervision and placed her on probation for a one-year period. Respondent now appeals, alleging noncompliance with the mandates of Family Court Act § 741 (a) when Family Court failed to advise her and petitioner of her right to counsel of her choice at both the initial appearance and at the dispositional hearing and of her right to remain silent at the dispositional hearing.

This record fully reflects that respondent was, at all times, represented by counsel at each court appearance and was advised, prior to admission, of the full panoply of rights available to her. With respect to the dispositional hearing, we again find no objection raised regarding the representation provided and find it clear that she was advised of all dispositional alternatives before she agreed to the disposition imposed.

We do, however, agree with respondent's contention that the orders issued do not comply with the mandates of Family Court Act §§ 752 and 754 (2) due to the absence of articulated reasons underlying the court's determination (*see, Matter of Randy SS.*, 222 AD2d 884; *Matter of Robert U.*, 189 AD2d 1014; *Matter of Ricky BB.*, 55 AD2d 800). Accordingly, this matter is remitted to Family Court for further proceedings not inconsistent herewith.

Cardona, P. J., Mikoll, Mercure and Crew III, JJ., concur.

Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.