■ In the Matter of SHENA SS., a Person Alleged to be in Need of Supervision, Appellant. ROBERT C. HOLMES, as Assistant Principal of Union Endicott High School, Respondent. [693 NYS2d 313] —Mercure, J. Appeal from an order of the Family Court of Broome County (Hester, Jr., J.), entered July 31, 1998, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision.

Based upon undisputed evidence and respondent's stipulation that she was absent from school for the entire school day on nine specified dates from September 30, 1997 to December 11, 1997 and for a half day on October 3, 1997, Family Court adjudicated respondent a person in need of supervision (hereinafter PINS) and placed her on probation for a period of 12 months. Respondent now appeals, contending only that Family Court's finding was not supported by legally sufficient evidence because petitioner failed to establish the element of intent beyond a reasonable doubt. We disagree and accordingly affirm.

A PINS adjudication founded on truancy must be based on proof beyond a reasonable doubt (Family Ct Act § 744 [b]) that the respondent violated the compulsory education requirements of Education Law article 65 (*see, Matter of Rebecca Y.*, 195 AD2d 727, 728). Education Law § 3210 requires a student's regular attendance at school in the locale where she resides, with absences permitted only for those causes allowed by the general rules and practices of her school (*see*, Education Law § 3210 [1] [a]; [2] [b]; *Matter of Rebecca Y., supra*, at 728). In respondent's case, as developed at the fact-finding hearing, the school policy permits absences only for certain identified reasons, such as illness or death in the family, and all other absences are illegal. Further, the school policy requires that students provide a written excuse shortly after each absence.

Contrary to respondent's assertion, under the relevant statutory framework, there need be no express finding of a specific intent to be a truant. Rather, Family Court's focus is properly on the question of whether the absences were excusable or unlawful (*see, Matter of Anthony C.*, 143 Misc 2d 475, 478; *Matter of Barbara M.*, 130 Misc 2d 20, 23). In this case, petitioner made out a prima facie case of truancy by establishing respondent's unexcused absence on the dates alleged in the petition. Although respondent's mother testified as to her specific recollection that respondent was either sick, injured or visiting a family member in the hospital on every one of those occasions and that she did not submit excuses because she was working at the time and had to leave for work early, Family Court rejected that testimony as incredible. In our view, Family Court's exercise of its discretion to credit petitioner's evidence and concomitantly discount the testimony offered on respondent's behalf (*see, Matter of Kacey H.*, 223 AD2d 876, 877; *Matter of Scott X.*, 184 AD2d 866, 868) and its ultimate finding of truancy had abundant support in the record and should not be disturbed (*see, Matter of Joshua J.*, 227 AD2d 707; *Matter of Rebecca Y., supra*).

Cardona, P. J., Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.