■ In the Matter of CHAD H., a Person Alleged to be in Need of Supervision, Appellant. JANE E. FARGO, as Principal of Gouverneur Central School District, Respondent. [717 NYS2d 725] —Mugglin, J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered August 23, 1999, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision.

Initially, we observe that since Family Court's order of placement expired on August 23, 2000, respondent's assignments of error with respect to the dispositional hearing are moot (*see, Matter of Radames NN.*, 255 AD2d 784; *Matter of Tabitha LL.*, 216 AD2d 651, 653, *affd* 87 NY2d 1009). However, respondent's challenge to the underlying person in need of supervision (hereinafter PINS) adjudication is not rendered moot by expiration of the dispositional order, and thus, is properly subject to review.

On January 26, 1999, petitioner made a referral to the St. Lawrence County Probation Department alleging that respondent was a PINS. As a result of the preliminary intake review, it was determined that the case qualified for adjustment services and a plan was formulated in an effort to resolve respondent's behavioral difficulties. However, on March 24, 1999, the case being unsuccessfully adjusted, petitioner was advised that a PINS petition could be filed. The following day, a petition was filed alleging that respondent was incorrigible, ungovernable, habitually disobedient and failed to attend school. Immediately prior to the commencement of the fact-finding hearing, respondent admitted a number of the detailed allegations in the petition, which admissions formed the basis for Family Court's adjudication of respondent as a PINS.

We reverse. In order for admissions to the allegations of a

PINS petition to be sufficient, the record must establish that the child is "(1) fully advised by the Family Court of his rights and the waiver thereof engendered by his admitting the allegations of the petition, (2) questioned as to the allegations of the petition by the Family Court and (3) personally enters his admission to such charges on the record" (*Matter of Joseph G.*, 52 AD2d 924). This record reflects a total absence of compliance with the second of these requirements.

At the beginning of the fact-finding hearing, the Law Guardian advised Family Court that respondent, on his copy of the petition, had circled those allegations that he denied but that he was willing to admit to the balance of the allegations. Working from this document, on another copy of the petition, the court put an "X" through the four paragraphs that respondent had circled and returned it to the Law Guardian with instructions for respondent to sign the bottom of each page, advising respondent that in signing his name, he was indicating that each allegation not crossed out was true. Family Court also determined by questioning respondent that he was neither forced nor threatened into making these admissions. After respondent signed, Family Court adjudicated him a PINS. There was no colloquy between Family Court and respondent concerning the allegations of the petition by which Family Court could assure itself of the integrity of the process or that the admissions were knowing, intelligent or accurate.

In addition, we are convinced that this record reflects that respondent received ineffective assistance of counsel on his initial appearance before Family Court. Counsel should have moved for dismissal of the petition based upon the inadequate adjustment attempts of the Probation Department inasmuch as failure to move " ' "resulted in the waiver of a meritorious and dispositive objection" ' " (*People v Grey*, 257 AD2d 685, 686, quoting *People v Pickens*, 216 AD2d 631, 631-632, quoting *People v O'Connell*, 133 AD2d 970, 971). The record reflects that the preliminary intake review was on February 4, 1999, at which the probation officer determined that the case qualified for adjustment services. The plan developed, however, indicates only that the child was to have weekly contact with the probation officer, that a referral plan would be developed to refer the case to Family Court, the child was to attend school regularly and obey school rules and obey his legal guardian. The record further reflects that adjustment attempts were terminated on February 4, 1999, the date of the initial review, and that the file was sent to Family Court on March 24, 1999 because the Probation Department determined that the case

was not successfully adjusted. The record reflects no attempt at adjustment services other than a referral to Family Court. Under these circumstances, respondent was denied effective representation (*see*, Family Ct Act § 742).

Crew III, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, and petition dismissed.