■ In the Matter of LIBBY G., a Person Alleged to be in Need of Supervision, Appellant. STEPHEN M. PUTNAM, as Middle/High School Principal of Heuvelton Central School District, Respondent. [718 NYS2d 655] —Carpinello, J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered September 8, 1999, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision.

Based upon respondent's admissions that she was absent from and late for school on numerous occasions between December 1998 and April 1999 without any legal excuse, as alleged in an April 1999 petition seeking to adjudicate her a person in need of supervision (hereinafter PINS), Family Court adjudicated her a PINS and placed her in the custody of the St. Lawrence County Commissioner of Social Services for a period

of 12 months. On this appeal from that determination, we reject respondent's contentions that the court failed to advise her of the right to remain silent at the commencement of the fact-finding hearing and that the court "misadvised" her about the right to a fact-finding hearing.

The record of the fact-finding hearing reveals that prior to any admission by respondent, Family Court advised her, in the presence of her parents and the Law Guardian, of the right to remain silent (*compare, Matter of Tabitha E.*, 271 AD2d 719; *Matter of Melanie UU.*, 254 AD2d 632). The court further advised her, although not statutorily required to do so, that she had a right to a fact-finding hearing and of the various dispositional alternatives that could be imposed against her should she be adjudicated a PINS (*see, Matter of Tabitha LL.*, 87 NY2d 1009, 1010-1011). We find that the admonitions by the court did not in any way "misadvise" respondent about any of her rights and were in full compliance with Family Court Act § 741 (a) (*see, Matter of Nicole EE.*, 233 AD2d 744). Therefore, we discern no basis upon which to overturn the PINS adjudication (*see generally, Matter of Mark J.*, 259 AD2d 40; *Matter of Tabitha LL.*, 216 AD2d 651, *affd* 87 NY2d 1009; *compare, Matter of David B. P.*, 57 AD2d 1077; *Matter of Joseph G.*, 52 AD2d 924).

Since respondent's placement has expired and the terms of the dispositional order have been satisfied (*compare, Matter of Mark VV.*, 258 AD2d 786), respondent's remaining contentions concerning the dispositional phase of the proceeding and the order itself are moot (*see generally, Matter of Randy SS.*, 226 AD2d 799; *Matter of Tabitha LL., supra*).

Mercure, J. P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.