■ In the Matter of KRISTOPHER I., a Person Alleged to be in Need of Supervision, Appellant. LOUISE BONNANO, as J. W. Bailey Middle School Social Worker, Respondent. [733 NYS2d 539] —Crew III, J. P. Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered April 2, 2001, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision.

Petitioner commenced this proceeding in August 2000 alleging that respondent (born in 1987) was a person in need of supervision based upon respondent's failure to attend school on 46 days between January 4, 2000 and July 17, 2000. A hearing ensued, during the course of which testimony was received from respondent's mother and a social worker employed by the school district attesting to respondent's chronic absenteeism. Respondent did not dispute the alleged absences from school but contended that his emotional disability was the underlying cause of his failure to attend classes. To that end, respondent introduced certified records from, *inter alia*, his in-patient psychiatric admissions in February 2000 and May 2000. Ultimately, Family Court determined that respondent was illegally absent from school on the days in question, adjudicated him a person in need of supervision and placed him in the custody of the Ulster County Department of Social Services for a period of one year. This appeal by respondent followed.

Respondent's primary argument on appeal is that Family Court applied the wrong evidentiary standard in adjudicating him a person in need of supervision. We agree. Family Court Act § 744 (b) provides, in relevant part, that "[a]ny determination at the conclusion of a fact-finding hearing that a respondent did an act or acts must be based upon proof beyond a reasonable doubt." Thus, there is no question that proof beyond a reasonable doubt is the required standard that must be met before a minor may be adjudicated a person in need of supervision (*see, Matter of Iris R.*, 33 NY2d 987, 988; *Matter of Shena SS.*, 263 AD2d 809). As a review of Family Court's fact-finding

and dispositional order plainly reflects that Family Court adjudicated respondent a person in need of supervision based upon a preponderance of the evidence, Family Court's findings in this regard cannot stand. Although we could remit this matter to Family Court for further proceedings, in the interest of judicial economy, we will review the record and consider whether the evidence establishes, beyond a reasonable doubt, that respondent is a person in need of supervision.

As this Court recently held, "there need be no express finding of a specific intent to be a truant. Rather, [the] focus is properly on the question of whether the absences were excusable or unlawful" (*Matter of Shena SS., supra,* at 810 [citations omitted]). There is no dispute that respondent failed to attend school on the days in question. As to the legality of such absences, respondent asserts that the documentary evidence introduced at the hearing raises significant questions regarding the reasons for his failure to attend school and, as such, it cannot be said that petitioner proved, beyond a reasonable doubt, that respondent was a person in need of supervision. We find this argument to be unpersuasive. To be sure, respondent's mental health issues and in-patient psychiatric admissions are well documented; respondent consistently has been diagnosed as suffering from depression and the need for continued therapy and medication is apparent. Based upon our review of the record as a whole, however, we cannot say that such evidence raises a reasonable doubt as to the lawfulness of respondent's persistent absence from school. Accordingly, the order adjudicating respondent a person in need of supervision is affirmed.

Peters, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.