■ In the Matter of LYNETTE YY., a Person Alleged to be in Need of Supervision, Appellant. JOSEPH HOLLY, as Director of Attendance and Pupil Services of Binghamton High School, Respondent. [751 NYS2d 119] —Carpinello, J. Appeal from an order of the Family Court of Broome County (Whiting Jr., J.H.O.), entered April 3, 2001, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 7, to adjudicate respondent to be a person in need of supervision.

Based upon respondent's admission that she was habitually truant from school,* a Judicial Hearing Officer (hereinafter JHO) adjudicated her to be a person in need of supervision (hereinafter PINS) and placed her in the custody of the Broome County Commissioner of Social Services for 12 months, a period which has long since expired. On this appeal from that determination, we first reject the contention that the proceeding was jurisdictionally defective because respondent did not consent to having the case heard and determined by the JHO. To the contrary, respondent's attorney (i.e., the Law Guardian) did in fact stipulate and consent to same in writing, thus fully satisfying the requirements of CPLR 4317 (a) (*see* Family Ct Act § 165 [a]; CPLR 2104).

Next, the record reveals that, at her initial appearance, the

---

* The petition specifically alleges that respondent was tardy on 36 occasions between September 8, 2000 and December 22, 2000 and absent on 15 occasions between September 7, 2000 and December 15, 2000.

JHO explained to respondent and her father that she had the right to remain silent. Following an adjournment to permit her and her father to confer with the Law Guardian, respondent, on the advice of the Law Guardian and in response to the JHO's inquiry, admitted to the allegations in the petition (*see* n, *supra*). While the record colloquy between respondent, her father and the Law Guardian was abbreviated, we are nevertheless satisfied that respondent was properly advised of her right to remain silent and that she knowingly and voluntarily admitted to the allegations of truancy and tardiness sufficient to sustain the PINS adjudication (*see e.g. Matter of Beau II.*, 278 AD2d 600, *lv denied* 96 NY2d 707; *Matter of Libby G.*, 278 AD2d 761; *Matter of Shari WW.*, 115 AD2d 193). Thus, respondent's contentions to the contrary are rejected.

We likewise find without merit respondent's contention that the JHO should have substituted a neglect petition for the PINS petition pursuant to Family Ct Act § 716 as there is no evidence in the record that respondent's admitted truancy and tardiness "was attributable to an act of parental abuse or neglect" (*Matter of Nicholas X.*, 262 AD2d 683, 684). Finally, since respondent's placement has expired, her remaining contentions concerning the dispositional phase and order are moot (*see Matter of Libby G.*, *supra* at 762; *Matter of Shannon R.*, 278 AD2d 939).

Crew III, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.