■ In the Matter of TODD B., a Person Alleged to be in Need of Supervision, Appellant. JOHN SIMONS, as Director of Pupil Services, Respondent. [771 NYS2d 744]—Spain, J. Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered May 13, 2003, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 7, to adjudicate respondent a person in need of supervision.

Pursuant to respondent's stipulation, Family Court found him to be a person in need of supervision under Family Ct Act article 7 and allowed him to return home restricted by an interim probation order pending a dispositional hearing. At the dispositional hearing, respondent admitted noncompliance with the interim probation and, consistent with the recommendations of the Franklin County Department of Social Services (hereinafter DSS) and the Probation Department, requested placement with DSS. Finding it would be contrary to respondent's best interests to allow him to remain in his home, Family Court placed respondent in the custody of DSS for a period of 12 months. Respondent appeals.

Respondent does not challenge his adjudication as a person in need of supervision, but contends that Family Court erred in placing him in the custody of DSS. Where, as here, the sole issue on appeal is the validity of a placement period of a child adjudicated as a person in need of supervision, the child's release from custody renders the appeal moot (see Matter of Lynette YY., 299 AD2d 753, 754 [2002]; Matter of Libby G., 278 AD2d 761, 762 [2000]; Matter of Chad H., 278 AD2d 601, 601 [2000]; Matter of Radames NN., 255 AD2d 784, 784 [1998]). Respondent's placement expired on January 9, 2004. Accordingly, he has been afforded all of the relief sought on appeal and the appeal must be dismissed.

Peters, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.