■ In the Matter of SARAH G., Appellant. DEVELYN G., Appellant; SENECA COUNTY ATTORNEY, Respondent. [782 NYS2d 883]—

Appeals from an order of the Family Court, Seneca County (W. Patrick Falvey, J.), entered February 13, 2003 in a proceeding pursuant to Family Ct Act article 7. The order adjudged that respondent Sarah G. is a person in need of supervision.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner and her daughter, Sarah G., each appeal from an order that adjudicated Sarah to be a person in need of supervision and placed her in the custody of the Seneca County Commissioner of Social Services. We note that the initial placement was subsequently modified by placing Sarah at home in the custody of her parents and on probation. Family Court thereafter terminated the period of probation when the family moved to Arizona, and thus the contentions of petitioner and Sarah with respect to the dispositional hearing are moot (*see Matter of Tabitha LL.*, 216 AD2d 651, 653 [1995], *affd* 87 NY2d 1009 [1996]; *Matter of Shannon R.*, 278 AD2d 939 [2000]; *Matter of Chad H.*, 278 AD2d 601 [2000]).

Contrary to petitioner's contention, we conclude that the order adjudicating Sarah a person in need of supervision articulated a sufficient basis for the court's disposition based upon references therein to a probation department predispositional report, a mental health evaluation, and Sarah's in-court admissions (*see* Family Ct Act § 754 [2]). The contention of petitioner that she was coerced into filing the petition is based upon matters outside the record, and we are therefore unable to review that contention (*see Matter of Ernest LL. v Rosemary LL.*, 50 AD2d 706, 707 [1975]). Contrary to petitioner's further contention, the court properly allowed Sarah to waive a fact-finding hearing upon the Law Guardian's advice to do so (*see* Family Ct Act § 321.3 [1]; *see also Tabitha LL.*, 87 NY2d at 1010). Contrary to the contention of Sarah, she received meaningful representation (*see Matter of Peter VV.*, 169 AD2d 995, 996-997 [1991]; *see generally Matter of Jesse WW.*, 240 AD2d 885, 886-887 [1997]). From our review of the record, we conclude that the Law Guardian did not move to dismiss the petition because her client did not want to return home (*cf. Chad H.*, 278 AD2d at 602-603). We have examined petitioner's remaining contentions and conclude that they are lacking in merit. Present—Pigott, Jr., P.J., Green, Pine and Hurlbutt, JJ.