■ In the Matter of ROXANNE ZZ., Alleged to be a Person in Need of Supervision, Appellant. KELLY MILLER, as Probation Officer at the Clinton County Probation Department, Respondent.
[811 NYS2d 182]—

Lahtinen, J. Appeal from two orders of the Family Court of Clinton County (Lawliss, J.), entered March 15, 2005, which,

inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 7, to find respondent to be in willful violation of a prior order of disposition.

In April 2004, respondent, a middle school student who suffers from physical and emotional maladies, was adjudicated by Family Court to be a person in need of supervision based upon excessive absences from school. She was placed on one-year probation and a subsequent violation resulted in a July 2004 order with new terms and conditions, including that she attend classes in accordance with her education plan. Petitioner commenced the instant proceeding in January 2005 alleging that, to that point in the 2004-2005 academic year, respondent had been absent 23 times with 13 of the absences unexcused.

A fact-finding hearing on the violation petition was held on February 7, 2005 and, at the close of the hearing, Family Court made its own motion, pursuant to Family Ct Act §§ 762 and 763, to modify the July 2004 dispositional order to place respondent in the care and custody of the Clinton County Department of Social Services (hereinafter DSS). The motion was scheduled for February 14, 2005. On February 14, 2005, Family Court rendered a written decision finding beyond a reasonable doubt that respondent had willfully violated the July 2004 order and the court then commenced a hearing to consider both the disposition for the violation and the court's motion to modify. Although no party present at the hearing (i.e., DSS, the Law Guardian, the school district, respondent's mother) requested placement, Family Court determined on both the violation petition and the motion to modify that respondent should be placed with DSS until January 31, 2006. Respondent appeals and petitioner does not oppose the relief requested by respondent.

We turn first to respondent's argument that the proof presented failed to establish the alleged violation. An order of probation may be revoked upon presentation of "competent proof that the respondent without just cause failed to comply with [the] terms and conditions" of the order (Family Ct Act § 779). The petition alleged that respondent had missed 23 days of school and that 13 of the days were "unexcused absences." Two witnesses testified at the fact-finding hearing, a school secretary whose duties included maintaining attendance records and respondent's mother. The school secretary acknowledged that, by the time of the hearing, all of respondent's absences had been changed to excused. This change resulted from signed notes received from respondent's physician and her mother which established the absences were excused under school district policy. Although there was an objection to receiving this

evidence because the notes were provided to the school district after the petition had been filed, the objection was overruled and the proof was admitted into evidence. The testimony of respondent's mother reiterated the reasons for the absences. The competent proof established that the absences were excused, thus, vitiating the primary contention of the petition. Since no proof was presented at the hearing challenging the school district's reclassification of the absences as excused, there was insufficient evidence to find a violation or make a motion to modify the dispositional order. The current case is distinguishable from *Matter of Kristopher I.* (289 AD2d 685 [2001]) and *Matter of Shena SS.* (263 AD2d 809 [1999]) because in those cases efforts were made at the hearings to supply acceptable grounds for the unexcused absences, which resulted in credibility determinations for the trial court. Here, the school had changed the absences to excused before the hearing and no proof was provided to reject that classification by the school.

The remaining arguments are either academic because of our finding of inadequate proof of a violation or moot since the placement order has expired (*see Matter of Todd B.*, 4 AD3d 650, 650 [2004]; *Matter of Chad H.*, 278 AD2d 601, 601 [2000]).

Crew III, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the orders are reversed, on the law, without costs, petition dismissed and Family Court's sua sponte motion denied.