■ In the Matter of KIESHA BB., Alleged to be a Person in Need of Supervision, Appellant. JOHN SIMONS, as Director of Pupil Personnel Services at Salmon River Central School, Respondent. [815 NYS2d 800]—

Mercure, J.P. Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered April 14, 2005, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 7, to adjudicate respondent a person in need of supervision.

Respondent was adjudicated a person in need of supervision (hereinafter PINS) due to her admitted failure to attend school in September and October 2004. Following a dispositional hearing, Family Court ordered that respondent be supervised by the Franklin County Probation Department for 12 months beginning on April 14, 2005. Respondent now appeals, challenging her adjudication as a PINS.*

Specifically, while respondent concedes that she did not attend school during the relevant period, she asserts that her attendance was not required because she turned 16 approximately three weeks prior to commencement of mandatory classes on the opening day of school, September 7, 2004. Pursuant to Education Law § 2 (15), however, the school year commences on the first day in July of each year and ends on June 30th of the following year. Inasmuch as respondent turned 16 during the 2004-2005 school year and Education Law § 3205 (1) (c) requires that students "remain in attendance until the last day of session in the school year in which the minor becomes [16] years of age," Family Court properly adjudicated her a PINS based upon her admittedly unexcused failure to attend school (*see Matter of Lynette YY.*, 299 AD2d 753, 754 [2002]; *Matter of Kristopher I.*, 289 AD2d 685, 686 [2001]; *Matter of Shena SS.*, 263 AD2d 809, 809-810 [1999]).

Peters, Spain, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.

* Although respondent's period of probation has expired and any challenge concerning the dispositional phase of the proceeding would be moot (*see e.g. Matter of Todd B.*, 4 AD3d 650 [2004]; *Matter of Radames NN.*, 255 AD2d 784 [1998]), her challenge to the underlying PINS adjudication is not similarly rendered moot by the expiration of the probation period in the dispositional order (*see Matter of Chad H.*, 278 AD2d 601, 601 [2000]).