■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMIE SUTHERLAND, Appellant. [961 NYS2d 198]—

Appeal by the defendant from a judgment of the Supreme

Court, Kings County (Guzman, J.), rendered June 17, 2011, convicting him of grand larceny in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction of grand larceny in the third degree to petit larceny, and vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

The defendant was charged, inter alia, with grand larceny in the third degree, in violation of Penal Law § 155.35 (1), based on allegations that he stole 12 cellular telephones by removing them from the various display podiums to which they were tethered inside a T-Mobile store in Brooklyn. The defendant correctly contends that the evidence was not legally sufficient to support his conviction of grand larceny in the third degree.

"A person is guilty of grand larceny in the third degree when he or she steals property and . . . when the value of the property exceeds three thousand dollars" (Penal Law § 155.35 [1]). Value is defined as "the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime" (Penal Law § 155.20 [1]).

As a threshold matter, the People correctly concede that the market value of the displayed cell phones could not be satisfactorily ascertained (*see People v Vientos*, 79 NY2d 771 [1991]; *People v Bayusik*, 192 AD2d 1073 [1993], *affd* 83 NY2d 774 [1994]). The store manager testified that phones placed on display are not sold to customers, and are only removed from display when the model is discontinued, at which point they are returned to the manufacturer. Having established that there was no market for current model cell phones that had been altered for secure display purposes, "[t]he People were not required to show whether the [phones] had an established value in the black market" (*People v Vientos*, 79 NY2d at 772). Accordingly, the People could establish value through the alternative method of cost of replacement (*see* Penal Law § 155.20 [1]).

Nevertheless, the defendant correctly contends that, notwithstanding the People's reliance on the cost-of-replacement method of valuation, the evidence was not legally sufficient to prove that the value of the phones exceeded $3,000. Any person who testifies as to the value of an item "must provide a basis of knowledge for his [or her] statement of value before it can be accepted as legally sufficient evidence of such value" (*People v Lopez*, 79 NY2d 402, 404 [1992]; *see People v Smith*, 289 AD2d

1056, 1058-1059 [2001]). "Conclusory statements and rough estimates of value" that are unsupported by a basis of knowledge are insufficient (*People v Loomis*, 56 AD3d 1046, 1047 [2008]; *see People v Pallagi*, 91 AD3d 1266, 1269 [2012]; *People v Gonzalez*, 221 AD2d 203, 204 [1995]). Although the store manager testified generally regarding the range of estimated values that she would assign to the stolen phones, she failed to provide a basis of knowledge for her statement, and there was no specific proof as to the cost of replacing any particular phone (*see People v Pallagi*, 91 AD3d at 1269-1270; *People v Seymour*, 77 AD3d 976, 977-980 [2010]; *cf. People v Wandell*, 285 AD2d 736 [2001]; *People v Mims*, 178 AD2d 178 [1991]). As there was no other evidence as to the value of the stolen property, the People failed to meet their burden of proving every element of the crime of grand larceny in the third degree (*see* Penal Law § 155.35), or grand larceny in the fourth degree (*see* Penal Law § 155.30).

However, the evidence presented did establish the crime of petit larceny, which requires no proof of value (*see* Penal Law § 155.25). Accordingly, we reduce the defendant's conviction of grand larceny in the third degree to petit larceny, and vacate the sentence imposed. Although the defendant has already served the maximum sentence that could be imposed for petit larceny (*see* Penal Law § 70.15 [1]), we nevertheless remit the matter to the Supreme Court, Kings County, for the imposition of an authorized sentence for that offense (*see People v Seymour*, 77 AD3d at 980; *People v Harvin*, 75 AD3d 559, 561 [2010]). Mastro, J.P., Lott, Austin and Sgroi, JJ., concur.