■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT ALLEN, Appellant. [30 NYS3d 917]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lopresto, J.), rendered May 19, 2014, convicting him of burglary in the third degree, grand larceny in the third degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's identity as the perpetrator beyond a reasonable doubt. The defendant's contentions as to the legal sufficiency of the evidence of the value of the stolen property are unpreserved for appellate review and, in any event, without merit (*see* CPL 470.05 [2]; *People v Sutherland*, 102 AD3d 897 [2013]; *People v Womble*, 111 AD2d 283 [1985]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Although we agree with the defendant that there was no relevant purpose in admitting testimony regarding what he was wearing at the time of his arrest, which was three months after the incident (*see generally People v Pobliner*, 32 NY2d 356, 369 [1973]; *People v Martin*, 54 AD3d 776 [2008]), under the circumstances, the error was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that he would have been acquitted if not for the error in admitting the testimony (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Phem*, 73 AD3d 1088, 1089 [2010]; *People v Rivera*, 192 AD2d 561, 562 [1993]). Dillon, J.P., Sgroi, Miller and Barros, JJ., concur.