Matter of Jasmin NN. v Jasmin C. (2018 NY Slip Op 08725)





Matter of Jasmin NN. v Jasmin C.


2018 NY Slip Op 08725


Decided on December 20, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 20, 2018

525881

[*1]In the Matter of JASMIN NN., Respondent,
v
JASMIN C. Appellant. (Proceeding No. 1.)
In the Matter of JASMIN C., Respondent,
v
JASMIN NN., Appellant. (Proceeding No. 2.)

Calendar Date: November 13, 2018

Before: McCarthy, J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Tracy Steeves, Kingston, for appellant in proceeding No. 1 and respondent in proceeding No. 2.
Ted J. Stein, Woodstock, for appellant in proceeding No. 2 and respondent in proceeding No. 1.
Catherine Charuk, Kingston, attorney for the children.



MEMORANDUM AND ORDER
Mulvey, J.
Appeals from four orders of the Family Court of Ulster
County (McGinty, J.), entered October 12, 2017 and November 6,
2017, which granted petitioners' applications, in two proceedings pursuant to Family Ct Act article 8, finding that respondents committed certain family offenses, and issued orders of protection.
Jasmin NN. resides with her two children (born in 2005 and 2007; hereinafter the subject children) in the home of their paternal grandmother. The father of the subject children is married to and lives with Jasmin C. and her three children, in a home where the subject children also spend time. In October 2016, Jasmin NN. filed a family offense petition (hereinafter the first petition) alleging, among other things, that Jasmin C. had violated an order of protection in separate incidents by calling her on the telephone and referring to her with obscene names and, months later, in verbally accosting her in public. Jasmin C., in turn, filed a family offense [*2]petition alleging that Jasmin NN. had verbally accosted her on two occasions in February 2017 (hereinafter the second petition), thereby committing harassment family offenses. Following the fact-finding and dispositional hearings, Family Court issued an order determining that, as alleged in the first petition, Jasmin C. had violated an order of protection and had thereby committed the family offenses of aggravated harassment in the second degree and harassment in the "first or second degree," placed her on probation for one year and issued a stay-away order of protection in favor of Jasmin NN. With respect to the second petition, the court found that Jasmin NN. had committed the family offense of harassment in the second degree, placed her on probation for one year and issued a stay-away order of protection in favor of Jasmin C [FN1]. Both Jasmin NN. and Jasmin C. appeal from the respective orders against them.
As a threshold matter, Jasmin NN. argues that Family Court lacked subject matter jurisdiction over these family offenses and did not have the authority to issue the orders of protection in that she and Jasmin C. were not members of the same family or household (see Family Ct Act § 812 [1]), an issue that is properly raised for the first time on appeal (see Matter of Samantha I. v Luis J., 122 AD3d 1090, 1090-1091 [2014]). As relevant here, Family Court has jurisdiction over family offense proceedings arising out of incidents between "members of the same family or household," which includes "persons who are not related by consanguinity or affinity and who are or have been in an intimate relationship[,] regardless of whether such persons have lived together at any time" (Family Ct Act § 812 [1] [e]). An "intimate relationship" is not statutorily defined but excludes a "casual acquaintance" and ordinary social or business associations (see Family Ct Act § 812 [1] [e]) and is otherwise decided "on a case-by-case basis" (Matter of Kristina L. v Elizabeth M., 156 AD3d 1162, 1163 [2017], lv denied 31 NY3d 901 [2018]). This requires taking into consideration, among other factors, "the nature or type of relationship . . .; the frequency of interaction between the persons; and the duration of the relationship" (Family Ct Act § 812 [1] [e]).
Here, the evidence established that Jasmin C. is married to and, along with her children, lives with the father of the subject children, who are also Jasmin NN.'s children. The women have known one another for five years and the subject children spend time at both homes. The children go to the same schools and participate on some of the same sports teams. While the precise custodial arrangement between Jasmin NN. and the father is not set forth in the record, the testimony established that all of the foregoing adults regularly cohabitate with and are involved in coparenting the subject children. Further, Jasmin C. testified that she considers the subject children to be her children and views herself as their stepparent. Considering the parties' lengthy and ongoing familial and coparenting relationship in connection with subject children, we find that Family Court had jurisdiction over these petitions and the authority to issue the orders of protection. Under the circumstances presented here, we find that this conclusion is fully consistent with the purpose of Family Ct Act article 8, which is to remove from criminal courts "a limited class of offenses arising in the family milieu" (Matter of Lisa T. v King E.T., 30 NY3d 548, 552 [2017] [internal quotation marks and citation omitted]).
Next, we turn to Jasmin C.'s challenge to the finding that she committed a family offense. We agree with Family Court that Jasmin NN. satisfied her burden of proving, by a preponderance of the evidence, that Jasmin C. committed one of the family offenses specified in Family Ct Act § 821 (1) (a) (see Family Ct Act § 832; Matter of David ZZ. v Michael ZZ., 151 AD3d 1339, 1340 [2017])[FN2]. "Whether a family offense has been committed is a factual issue to be resolved by Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal" (Matter of Maureen H. v Bryon I., 140 AD3d 1408, 1409-1410 [2016] [internal quotation marks, ellipsis and citation omitted]). Jasmin NN. testified that, on May 20, 2016 around 8:00 p.m., her phone repeatedly rang and, when she eventually [*3]answered the call, she heard Jasmin C., whose voice she recognized, call her a "dumb c*** b****" before hanging up. Jasmin NN. further testified that, on September 30, 2016, she was walking to work when Jasmin C. drove by her and yelled, "I'm going to f*** you up, b****." Jasmin NN. further testified to a history of abusive, harassing remarks and conduct by Jasmin C. that, together with these incidents, caused her to fear for her safety.
Although Family Court failed to specify the subsections of the relevant Penal Law statutes upon which it based its finding, this Court, exercising its independent review power, finds that the proof, as credited by Family Court, establishes by a preponderance of the evidence that Jasmin C. committed the family offenses of aggravated harassment in the second degree under Penal Law § 240.30 (2) and harassment in the second degree under Penal Law § 240.26 (3) (see Matter of Debra SS. v Brian TT., 163 AD3d 1199, 1203-1204 [2018]; Matter of Lynn TT. v Joseph O., 129 AD3d 1129, 1130 [2015]). As relevant here, aggravated harassment in the second degree requires proof that an individual "[w]ith intent to harass or threaten another person, . . . makes a telephone call, whether or not a conversation ensues, with no purpose of legitimate communication" (Penal Law § 240.30 [2]), while harassment in the second degree requires that, "with intent to harass, annoy or alarm another person . . .[, an individual] engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose" (Penal Law § 240.26 [3]; see Matter of Kevin F. v Betty E., 154 AD3d 1118, 1122 [2017]; Matter of David ZZ. v Michael ZZ., 151 AD3d at 1340). It has been recognized that "making a telephone call will constitute aggravated harassment in the second degree" when it is made with the requisite intent (Matter of Wendy Q. v Jason Q., 94 AD3d 1371, 1373 [2012] [internal quotation marks and citation omitted]), here, "[w]ith intent to harass or threaten another person" (Penal Law § 240.30 [2]). While Jasmin C. denied both incidents, Family Court credited Jasmin NN.'s testimony, and we defer to those credibility determinations (see Matter of Michelle OO. v Kevin PP., 161 AD3d 1248, 1249 [2018]). We further find that Jasmin C.'s intent to commit the foregoing family offenses is fairly inferable from the surrounding circumstances as described by Jasmin NN. (see id.). Given that the testimony established by a preponderance of the evidence that Jasmin C. committed family offenses and violated an order of protection, Family Court properly granted Jasmin NN.'s petition and issued a stay-away order of protection.
Jasmin NN. contends that Family Court did not have the authority, following the dispositional hearing, to include in the order of probation certain conditions, which were incorporated into the fact-finding and dispositional order. However, the one-year order and conditions of probation expired on November 6, 2018, rendering Jasmin NN.'s challenge to the probationary aspect of the dispositional order moot (see Matter of Traekwon I., 152 AD3d 431, 432 [2017]; Matter of Ako LL. [Carla MM.], 139 AD3d 1130, 1130-1131 [2016]; Matter of Keisha BB., 30 AD3d 704, 705 n [2006]). In any event, the order of probation required that Jasmin NN., among other conditions, participate in a psychological and mental health evaluation and follow recommendations for counseling and treatment, and complete an anger management program. Pursuant to Family Ct Act § 841 (c), Family Court was authorized to place Jasmin NN. on probation for a one-year period and to order her to "cooperate in seeking to obtain and in accepting medical treatment, psychiatric diagnosis and treatment, alcoholism or drug abuse treatment, or employment or counseling services" (22 NYCRR 205.74 [b] [4]). In imposing these conditions, the court indicated that they were designed to "stop the continual conflict between the parties" and "to shield the young children in their care from the deleterious effects of their conduct." The hearing testimony and family offense investigation report established a compelling need for the conditions imposed, and we discern no reason to disturb them.[FN3]
McCarthy, J.P., Lynch, Clark and Rumsey, JJ., concur.
ORDERED that the orders are affirmed, without costs.



Footnotes

Footnote 1: The orders of protection excepted "incidental contact at school or public events in which the children are involved."

Footnote 2: The expiration of the orders of protection does not render these appeals moot (see Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671 [2015]).

Footnote 3: Inasmuch as Jasmin NN. has raised no issues in her brief challenging the fact-finding order on the second petition, she has abandoned any claims concerning that order (see Matter of Ayesha FF. v Evelyn EE., 160 AD3d 1068, 1069 [2018], lv dismissed and lv denied 31 NY3d 1131 [2018]).