■ In the Matter of TABITHA E., a Person in Need of Supervision, Appellant. ROBIN J. FETTER, as Assistant Principal of

Franklin Academy, Respondent. [705 NYS2d 721] —Mugglin, J. Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered May 27, 1999, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent to be a person in need of supervision.

At the initial appearance upon a petition seeking to adjudicate respondent a person in need of supervision, respondent made a partial admission with respect to certain conduct alleged in support of the relief sought. Upon acceptance of the partial admission, Family Court found respondent a person in need of supervision. A dispositional hearing was held and after receiving a probation report in evidence and hearing oral argument from the respective parties, Family Court concluded that respondent should be placed in the custody of the Franklin County Department of Social Services for a period of 12 months. Respondent appeals.

We reverse. At the initial appearance on the petition, Family Court was required to advise respondent of her right to remain silent (see, Family Ct Act § 741 [a]). The failure of Family Court to so advise respondent prior to accepting any admissions regarding the allegations contained in the petition constitutes reversible error. Likewise, Family Court's failure to so advise respondent during the dispositional hearing constitutes reversible error (see, Family Ct Act § 741 [a]). Further, we find that the dispositional order issued by Family Court fails to meet the mandates of Family Court Act § 754 (2). This statute requires that the order specify the court's underlying rationale for a particular disposition. It is simply insufficient to state in conclusory terms the basis for the disposition (see, Matter of Nathaniel JJ., 265 AD2d 660; Matter of Robert U., 189 AD2d 1014, 1015, lv denied 82 NY2d 653, appeal dismissed 82 NY2d 748).

Ordinarily, determination of the appeal under these circumstances would be held in abeyance in order to provide Family Court an opportunity to comply with the statutory mandate. However, remittal is unnecessary here since the conduct to which respondent admitted, in our view, does not establish beyond a reasonable doubt that respondent was incorrigible, ungovernable or habitually disobedient and beyond the lawful control of parents or other lawful authority (see, Family Ct Act § 732).

In view of the foregoing, we need not reach the balance of respondent's contentions.

Mercure, J. P., Crew III, Peters and Carpinello, JJ., concur.

Ordered that the order is reversed, on the law, without costs, and petition dismissed.