■ In the Matter of Amy TT., a Person Alleged to be in Need of Supervision, Appellant. Gerald S. Friedman, as Supervisor of Alternate Education, Respondent. [727 NYS2d 766] —Rose, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered July 12, 2000, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision.

Petitioner commenced this proceeding alleging that respondent, born in December 1984, failed to attend school in accordance with Education Law article 65. At a fact-finding hearing, respondent admitted to the allegations contained in the petition. After accepting the admission, Family Court found respondent to be a person in need of supervision. Following a dispositional hearing, Family Court ordered that respondent be placed in the custody of the Commissioner of Social Services for a period of one year. Respondent now appeals, and petitioner does not contest the appeal.

Respondent argues that the order must be reversed because Family Court failed to advise her of her right to remain silent as required by Family Court Act § 741 (a). Family Court's failure to so advise respondent before accepting any admissions regarding the allegations contained in the petition constitutes reversible error (see, Matter of Ronnie L., 280 AD2d 798; Matter of Julianne NN., 260 AD2d 975). Here, the record confirms respondent's claim that Family Court did not advise her of her right to remain silent at the fact-finding hearing before accepting her admission, thus requiring reversal of Family Court's order (see, id.).

In light of our disposition, we need not address respondent's remaining contentions.

Mercure, J. P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and the matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court's decision.