■ In the Matter of SHAUN U., a Person Alleged to be in Need of Supervision, Appellant. FRANKLIN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [732 NYS2d 483] —Rose, J. Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered February 28, 2000, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to revoke respondent's probation.

Shortly after Family Court adjudged respondent to be a person in need of supervision and placed him on probation, petitioner charged him with a number of probation violations. In the course of the violation hearing, respondent admitted to two of the violations. Family Court accepted respondent's allocution, revoked his probation and issued a dispositional order directing placement. Arguing that he was not advised of his right to remain silent as required by Family Court Act § 741 (a), respondent appeals only the underlying finding of a violation of probation.

Initially, as respondent's appeal concerns the circumstances of his admission of the violations and not the order of placement, we decline to dismiss the appeal as moot (*see*, *Matter of Rachel A.*, 278 AD2d 528, *lv dismissed* 96 NY2d 854; *Matter of Phillip J.*, 256 AD2d 654; *Matter of Samuel VV.*, 217 AD2d 863). As to respondent's alleged failure to comply with CPLR 5525 (d) by reconstructing a portion of the violation hearing not recorded by Family Court's tape recorder, we need only note that Family Court rejected this contention by its order certifying that the record on appeal is correct. Although the transcript of the hearing is incomplete because the tape recorder was not working initially, the court began the hearing over again with the tape recorder working and the recommenced hearing was recorded in its entirety.

However, the stenographic transcript of the recommenced hearing does not reflect that Family Court ever advised respondent of his right to remain silent. Nor does petitioner assert that Family Court so advised respondent during the portion of the hearing that was not recorded. Accordingly, we are compelled to find that Family Court's failure to apprise respondent of his right to remain silent is reversible error and the order of disposition must be vacated (*see, Matter of Jason EE.,* 280 AD2d 801; *Matter of Tabitha E.,* 271 AD2d 719; *Matter of Julianne NN.,* 260 AD2d 975; *Matter of Melanie UU.,* 254 AD2d 632).

Mercure, J. P., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Franklin County for further proceedings not inconsistent with this Court's decision.