■ In the Matter of JODI VV., a Person Alleged to be in Need of Supervision, Appellant. GERALD GOLDMAN, as Principal of Saranac Lake High School, Respondent. [743 NYS2d 195] —Mercure, J.P. Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered August 6, 2001, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision, and placed her in the custody of the Essex County Commissioner of Social Services for a period of 12 months.

In November 2000, petitioner filed a petition seeking to have respondent adjudicated a person in need of supervision (hereinafter PINS) upon the ground that she had been illegally absent from school 22 times between September 20, 2000 and October 24, 2000. On the stipulation of the parties, the matter was adjourned in contemplation of dismissal for a period of six months upon the condition, among others, that respondent attend school regularly. In March 2001, the Essex County Probation Department filed a petition alleging respondent's violation of the order of disposition and seeking revocation of the adjournment in contemplation of dismissal and restoration of

the original PINS petition. At the ensuing hearing on the violation petition, respondent acknowledged that she had not attended school regularly. Family Court therefore restored the PINS petition to the calendar and asked respondent whether she admitted or denied its allegations. Respondent's counsel indicated that respondent was willing to admit to school absences during the period specified in the petition and, after directing respondent to look at the dates set forth in the petition, Family Court asked whether respondent was prepared to offer an admission. Respondent then offered her admission. During a subsequent colloquy, Family Court informed respondent that if it were to accept her admission, she would be giving up her right to a hearing and to call and cross-examine witnesses and her right "not to say or do anything that would incriminate" her. After explaining the applicable placement options, Family Court accepted respondent's admission, adjudicated her to be a PINS and ordered a probation investigation. Respondent was subsequently placed in the custody of the Essex County Commissioner of Social Services for a period of 12 months.* Respondent appeals.

Family Court Act § 741 (a) requires that at a respondent's initial appearance in a proceeding and at the commencement of any hearing under Family Court Act article 7, the respondent and his or her parent or other person legally responsible for his or her care be advised of the respondent's right to remain silent. In this case, no such warning was provided at the initial appearance on the petition, at which the petition was adjourned in contemplation of dismissal, or prior to respondent's admission to the violation petition, which brought about Family Court's restoration of the initial PINS petition. Further, in connection with the proceedings on the restored PINS petition, Family Court did not give its equivocal warning concerning respondent's right to remain silent until after she had already entered her admission. Under the circumstances, we are constrained to vacate both Family Court's finding that respondent violated the conditions of the adjournment in contemplation of dismissal and its subsequent order adjudicating respondent to be a PINS (see, Family Ct Act § 741 [a]; Matter of Shaun U., 288 AD2d 708, 709; Matter of Tabitha E., 271 AD2d 719, 720; Matter of Melanie UU., 254 AD2d 632, 633). In addition, because the violation petition was legally defective

---

* We have been advised by respondent's counsel that respondent's placement was terminated during the pendency of the appeal. The underlying PINS adjudication is still at issue, however (see, Matter of Chad H., 278 AD2d 601; Matter of Tabitha LL., 216 AD2d 651, 653, affd 87 NY2d 1009).

based on the absence of the attendance forms and a note written by respondent, which were referred to in the violation petition and formed the basis for its allegations, and the period of the adjournment in contemplation of dismissal expired long ago, the PINS petition is deemed dismissed by virtue of Family Court Act § 749 (a).

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.