■ In the Matter of NICHOLE A., a Person Alleged to be in Need of Supervision, Appellant. MARY K. SEYMOUR, as Assistant Principal of Malone Middle School, Respondent. [753 NYS2d 162] —Kane, J. Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered November 19, 2001, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 7, to adjudicate respondent a person in need of supervision.

In May 2001, petitioner filed a petition seeking to have respondent adjudicated a person in need of supervision (hereinafter PINS) upon the ground that she had been absent from detention nine times, failed to report to gym class, and had been smoking on school property between April 2001 and May 17, 2001. Respondent initially appeared in Family Court on the PINS matter on July 26, 2001, at which time the matter was adjourned, upon consent, to August 13, 2001. In the interim, a juvenile delinquency (hereinafter JD) petition was

filed as a result of petit larceny charges. At the outset of the August 13, 2001 fact-finding hearing, Family Court accepted respondent's admissions to the allegations of the PINS petition,* in satisfaction of the PINS petition and the pending JD matter, and found respondent to be a PINS. Respondent was placed under the temporary supervision of the Franklin County Department of Probation. Following a dispositional hearing, the court determined, inter alia, that respondent be placed in the custody of the Franklin County Commissioner of Social Services for a period of 12 months. Respondent appeals.

We agree with respondent's primary contention on appeal that Family Court failed to advise respondent of her right to remain silent prior to accepting her admissions to the allegations contained in the PINS petition (*see* Family Ct Act § 741 [a]; *Matter of Melanie UU.*, 254 AD2d 632, 633). "Family Court Act § 741 (a) requires that at a respondent's initial appearance in a proceeding and at the commencement of any hearing under Family Court Act article 7, the respondent and his or her parent or other person legally responsible for his or her care be advised of the respondent's right to remain silent" (*Matter of Jodi VV.*, 295 AD2d 659, 660). No such unequivocal warning was given by Family Court at the initial appearance. Although the record of the August 2001 fact-finding hearing reveals that Family Court engaged in a colloquy with respondent in the presence of her parents and the Law Guardian, advising her of the right to remain silent, it did so only after she had admitted to the charges contained in the PINS petition. Contrary to petitioner's assertion, under these circumstances, the fact that the order of disposition was entered on consent of the parties is of no consequence. Accordingly, we find that Family Court committed reversible error (*see Matter of Ronnie L.*, 280 AD2d 798, 798; *Matter of Tabitha E.*, 271 AD2d 719, 720; *cf. Matter of Libby G.*, 278 AD2d 761, 761). Respondent's adjudication as a PINS must, therefore, be reversed and the order of disposition vacated (*see Matter of Jodi VV.*, *supra* at 660; *Matter of Amy TT.*, 285 AD2d 771, 771).

In light of our determination, the remaining issues raised by respondent on this appeal have been rendered academic.

Crew III, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Franklin County for further proceedings not inconsistent with this Court's decision.

---

* With the exception of failing to report to gym class.