Crew III, J.P.
Appeal from an order of the Family Court of Schuyler County (Argetsinger, J.), entered August 29, 2002, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 7, to adjudicate respondent a person in need of supervision.
In March 2002 petitioner, the principal at Odessa-Montour Central School, commenced this proceeding seeking to have respondent, a 16-year-old student, adjudicated a person in need of supervision (hereinafter PINS) based upon his absence from school without a valid excuse on 16 occasions within a two-month period. After denial of respondent’s motion to dismiss the petition, respondent waived his right to a fact-finding hearing and stipulated to the absences alleged in the petition. Family Court then ordered an evaluation of respondent by the Committee on Special Education, which determined that respondent was emotionally disturbed and therefore disabled. Following *869 that finding, respondent renewed his objections to the PINS proceeding based upon his disabled status. Family Court rejected respondent’s objection and, following a waiver of his right to a dispositional hearing, respondent was adjudicated a PINS and placed on probation for one year. Respondent appeals.
Respondent contends that Family Court erred in denying his motion to dismiss the petition because it constituted a proposed change to respondent’s individualized education program in violation of the Individuals with Disabilities Education Act (20 USC § 1400 et seq.). We disagree. As the Court of Appeals has made plain, not every PINS proceeding contemplates a change in a child’s educational placement (see Matter of Beau II., 95 NY2d 234, 239 [2000]). Here, no such change was contemplated. The proceeding was commenced in order to compel respondent to attend school and, thus, participate in his individualized education program. Indeed, the dispositional order provides that respondent is to comply with his individualized education program.
Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.