■ In the Matter of STEVEN Z., a Person Alleged to be in Need of Supervision, Appellant. LORRAINE BESSETTE, as Director of Special Education at FEH BOCES, Respondent. [796 NYS2d 459]—

Mugglin, J. Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered September 1, 2004, which, inter alia, granted petitioner's application, in a proceed-

* The prior order of visitation is not in the record on appeal.

ing pursuant to Family Ct Act article 7, to adjudicate respondent a person in need of supervision.

On the initial appearance in this person in need of supervision (hereinafter PINS) proceeding, it became evident that an amended petition had not been furnished to respondent or his Law Guardian. Nevertheless, pursuant to Family Court's instruction, working from the amended petition, respondent's Law Guardian recited 18 separate allegations that respondent admitted. Family Court then asked respondent a single compound question—did he admit the behavior that the Law Guardian placed on the record and, as a consequence of that behavior, was he a person in need of supervision. Respondent replied "Yes, sir."

We have previously held that "for admissions to the allegations of a PINS petition to be sufficient, the record must establish that the child is '(1) fully advised by the Family Court of his rights and the waiver thereof engendered by his admitting the allegations of the petition, (2) questioned as to the allegations of the petition by the Family Court and (3) personally enters his admission to such charges on the record' " (*Matter of Chad H.*, 278 AD2d 601, 601-602 [2000], quoting *Matter of Joseph G.*, 52 AD2d 924, 924 [1976]). Here, although the record reveals that Family Court advised respondent of his rights with respect to the PINS petition, respondent was neither advised that his admission to the allegations of the petition would constitute a waiver of those rights nor was he personally questioned as to the admitted allegations of the amended petition. Such an allocution is insufficient as a matter of law (*see Matter of Joseph G., supra* at 924). Under these circumstances, respondent's adjudication as a PINS must be reversed. In view of the foregoing, we do not reach the balance of respondent's contentions on this appeal.

Crew III, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Franklin County for further proceedings not inconsistent with this Court's decision.