■ In the Matter of Jessica PP., a Person in Need of Supervision, Appellant. Tonya D. Martin, as Probation Officer of the Sullivan County Family Court, Respondent. [804 NYS2d 463]—

Mugglin, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered February 10, 2005, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 7, to revoke a prior order of probation, and placed respondent in the custody of the Sullivan County Department of Family Services.

Respondent was adjudicated a person in need of supervision and placed on probation in August 2004. The instant proceeding was initiated in December 2004 to revoke respondent's probation and, based on respondent's admissions, Family Court determined that probation violations occurred. Pending a dispositional hearing, respondent was temporarily placed with the Sullivan County Department of Family Services. The dispositional hearing consisted only of the receipt in evidence of reports from the Probation Department and Rockland Children's Psychiatric Center and oral argument of the parties. Family Court remanded respondent to the custody of the Sullivan County Department of Family Services pending residential placement for a period of one year, and she appeals.

Family Court's dispositional order appears to have been made pursuant to Family Ct Act § 739, which has application only to detentions made *prior* to the order of disposition. Family Court's use of an incorrect form resulted only in a technical defect which caused no demonstrable prejudice and may be disregarded (*see* CPLR 2002). More problematic, however, is the failure of the order to comply with the mandates of Family Ct Act § 754 (2). The order neither states the reasons for the disposition nor the specific findings necessary to placement under Family Ct Act § 756 (*see Matter of Tabitha E.*, 271 AD2d 719, 720 [2000]; *Matter of Mark VV.*, 258 AD2d 786, 787 [1999]; *Matter of Robert U.*, 189 AD2d 1014, 1015 [1993]). Such failures ordinarily require remittal to Family Court for amendment of the order so it will comply with the statutory mandates (*see Matter of Nathaniel JJ.*, 265 AD2d 660 [1999]). Here, however, we must reverse.

The dispositional order must contain a finding that reasonable efforts were made, prior to the hearing, to eliminate the

need to remove the child from his or her home (see Family Ct Act § 754 [2] [a]). Here, the order attempts to satisfy that requirement by stating that "[a]ll prior interventions have been unsuccessful, including prior hospitalization, treatments and service including probation." However, the order was based on the Probation Department report of February 2005 and the mental health evaluation conducted in February 2005. The probation report shows that services were provided to respondent in 1999 and 2000. Although respondent was placed in the BOCES SPARCS program, no other services are reported that were provided to respondent prior to the current treatment and evaluation in connection with this proceeding. In fact, the report states, "Unfortunately, the follow up care she needed was lacking due to various reasons." The clinical evaluation prepared at Rockland Children's Psychiatric Center, while reporting positive results, in part, recommended—for risk and safety reasons—placement in a residential treatment center. While respondent was clearly experiencing behavioral problems at school and at home, neither report addresses current efforts to prevent or eliminate the need for removing her from her home. Thus, Family Court's reliance on these reports to find that such reasonable efforts were made is misplaced. Moreover, no discussion of realistic dispositional alternatives appears in the record.

Cardona, P.J., Mercure, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Sullivan County for further proceedings not inconsistent with this Court's decision.