■ In the Matter of CHARLES U., Alleged to be a Person in Need of Supervision. JOHNNY VANN, as Principal of Boynton

Middle School, Respondent; CHARLES U., Appellant. [837 NYS2d 356]—

Peters, J.P. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered July 27, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 7, to adjudicate respondent a person in need of supervision.

By petition dated June 5, 2006, verified on June 7, 2006, petitioner commenced this proceeding alleging respondent to be a person in need of supervision (hereinafter PINS) (*see* Family Ct Act § 712 [a]) due to his excessive absences from school and his admission to marihuana use in school (*see* Family Ct Act § 732). The petition stated that respondent was classified as disabled under the Individuals with Disabilities Education Act (*see* 20 USC § 1400 *et seq.*) (hereinafter IDEA) and that there was no change contemplated in his educational placement.

Having been the subject of a previous PINS matter, respondent had already undergone the probation process causing a meeting of various agencies at the Cayuga Medical Center on March 16, 2006 to formulate a plan to maintain him in the community. At that time, respondent was in the hospital as a result of an overdose of prescription medication, his catatonic state, trauma, psychotic disorders and history of self-injury. Present at that meeting were hospital personnel, a mental health professional, school personnel, respondent's mother, and a representative from the Youth Advocate Program (hereinafter YAP). As a

result, respondent was referred for an evaluation of his special education needs. On June 5, 2006, the day that the current PINS petition was signed, respondent made another suicide attempt while in his mother's custody, necessitating his readmission to the Cayuga Medical Center. YAP services were already in place and petitioner was in the process of formalizing respondent's individualized education program (hereinafter IEP). At a June 6, 2006 meeting about respondent's IEP, it was recommended that he be removed from the general education environment because of his significant social-emotional issues.[1]

At the hearing before Family Court on June 21, 2006, it was acknowledged that respondent was classified under the IDEA. Respondent then admitted to the allegations in the petition. A dispositional hearing was immediately commenced due to the availability of two witnesses, the attendance clerk from respondent's school and the unit manager of the behavioral services unit at the Cayuga Medical Center. Jeanne Chapple of the Cayuga Medical Center detailed respondent's history of depression with self-abusive behavior, emphasizing the emergent nature of the instant suicide attempt. She opined that it was not safe for him to return home.

At the continued dispositional hearing on July 6, 2006, respondent moved to dismiss the petition contending that the IDEA barred any change of respondent's educational placement through the adjudication of the PINS proceeding, citing *Matter of Beau II.* (95 NY2d 234 [2000]). Upon the denial of that motion, testimony was received from Karen Burns, a probation officer with Tompkins County, who detailed the basis for her opinion, in her predispositional investigative report, that respondent be placed with the Topmkins County Department of Social Services due to the "near lethality of his most recent suicide attempt and the supervision needed to make sure that he's safe in whatever environment he's placed." Respondent's mother testified about her plan to avoid his placement outside of the home, even though this was his second suicide attempt while in her care. She thereafter detailed the services she received from YAP, called the assistant director of YAP to offer an alternative to placement,[2] and concluded that the provisions made in respondent's IEP, along with increased YAP and other

---

1. The IEP diagnosed respondent with posttraumatic stress disorder, anxiety and depression with a history of substance abuse. The final recommendation of that IEP was removal from the mainstream junior high school setting and a transition to a small structured environment.

2. Notably, all of the services recommended were already in place at the time of respondent's latest suicide attempt.

supportive services, could substantially alleviate the numerous issues that culminated in respondent's latest suicide attempt. Respondent's IEP was introduced into evidence, along with, among other things, his social history and the psychological evaluation commenced by his school on April 27, 2006, recommending a referral to the Committee on Special Education.

Based upon respondent's admission and the testimony taken, Family Court found respondent to be a PINS (*see* Family Ct Act § 752), requiring "placement out of the home to ensure adequate supervision and services addressing his mental health and substance abuse needs." Respondent was placed with the Department of Social Services for one year (*see* Family Ct Act § 756) and this appeal ensued.

The issue here is whether the IEP formulated under the IDEA, the day after petitioner signed the current petition and the same day as respondent's suicide attempt, mandated the dismissal of the PINS proceeding pursuant to *Matter of Beau II.* (*supra*). Under these circumstances, we think not. Within three days of the signing of the PINS petition, the IEP was formulated, respondent almost succeeded in committing suicide, and the petition was verified. Since that petition did not contemplate a change in respondent's placement at the time of its making, we do not believe that the substantive and procedural safeguards of the IDEA were triggered (*see id.*).

Beau II. pronounced that it "cannot condone a blanket rule that all PINS proceedings are barred by the IDEA" (*id.* at 241), and the legislative history of the IDEA confirms that it was "not designed to displace a State's general welfare and supportive services for children" (*id.* at 240; *see Board of Educ. of Hendrick Hudson Cent. School Dist., Westchester County v Rowley,* 458 US 176 [1982]). The Court of Appeals in *Beau II.* acknowledged that there may be some overlap between Family Court and the Committee on Special Education, by noting that the requirements of Education Law § 4005 (1) should be complied with when a child is being considered for placement as a PINS and such child is *thought* to have a handicapping condition (*see Matter of Beau II., supra* at 242). Family Court is directed to request that the child's school district provide an evaluation of such child with written recommendations (*see Matter of Erich D.,* 1 AD3d 868, 868 [2003]; *compare Matter of Doe,* 194 Misc 2d 93 [2002]). Then, if such child is placed and determined to be disabled, Education Law § 4005 states that an IEP must be implemented in accordance with the same procedures and subject to the same review mechanisms that would apply to a local school district.

Here, there is no allegation that there was any violation of Education Law § 4005. Hence, in light of the exigent health and safety issues which arose between the filing of the petition and the drafting of respondent's IEP, and recognizing that the IDEA was not designed to displace the ability of the state to protect its children (*see Matter of Beau II., supra* at 241), Family Court properly dismissed any challenge to its jurisdiction.

Next, we find no error in the placement of respondent outside of his home. Despite respondent's mother's awareness of his self-injurious behavior and the provision of relevant mental health and other supportive services, respondent still made a near fatal suicide attempt. Testimony confirmed that he was hospitalized twice for his own safety, and suffers from depression, anxiety, agoraphobia and other mental health issues. Moreover, despite the extensive modifications proposed by respondent's mother, Family Court properly concluded that her proposed plan was simply insufficient to deal with the complexity of respondent's condition. Based upon the totality of this evidence, respondent was properly placed outside of the home to promote his best interests and that of the community (*see Matter of Justin H.*, 278 AD2d 555, 556 [2000]; *Matter of Jeremy L.*, 220 AD2d 908, 909 [1995], *lv denied* 87 NY2d 807 [1996]). Finally, despite respondent's contention to the contrary, Family Court's order adequately fulfilled all of the statutory requirements (*see* Family Ct Act § 754 [2] [a]; *Matter of Jessica PP.*, 23 AD3d 953, 954 [2005]; *Matter of Tabitha E.*, 271 AD2d 719, 720 [2000]) when the list of evidence used to make its assessment is viewed against its reasoning.

Spain, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.