■ In the Matter of ASHLEY R., a Person Alleged to be in Need of Supervision. STEPHANIE R., Respondent; ASHLEY R., Appellant. [838 NYS2d 450]—

Rose, J. Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered July 7, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 7, to adjudicate respondent a person in need of supervision.

At a fact-finding hearing in this proceeding to adjudicate her a person in need of supervision, respondent admitted to a number of the allegations against her. Family Court then advised her of her right to remain silent and determined her to be a person in need of supervision. At a later dispositional hearing, Family Court directed her to be placed in the custody of the Franklin County Department of Social Services.

Although the admissions elicited by Family Court furnished a sufficient factual basis for the finding that respondent was a person in need of supervision (*see Matter of Sharon D.*, 274 AD2d 702, 702-703 [2000]; *cf. Matter of Steven Z.*, 19 AD3d 783, 784 [2005]), the court erred by failing to advise her of her right to remain silent at the fact-finding hearing before she made her admissions (*see* Family Ct Act § 741 [a]; *Matter of Nichole A.*, 300 AD2d 947, 948 [2002]; *Matter of Jodi VV.*, 295 AD2d 659, 660 [2002]). As a result, respondent's adjudication and order of disposition must be reversed.

Mercure, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Franklin County for further proceedings not inconsistent with this Court's decision.