■ In the Matter of KARIS OO., Alleged to be a Person in Need of Supervision, Appellant. SARATOGA COUNTY ATTORNEY'S OFFICE, Respondent. [921 NYS2d 740]—

Garry, J. Appeal from an order of the Family Court of Saratoga County (Hall, J.), entered September 13, 2010, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 7, to adjudicate respondent a person in need of supervision.

Following an incident involving a four-year-old child, respondent was charged in a juvenile delinquency petition with conduct which, if committed by an adult, would constitute the crime of endangering the welfare of a child. The juvenile delinquency proceeding was converted to a person in need of supervision (hereinafter PINS) proceeding and, upon respondent's admission to the conduct serving as the basis of the juvenile delin-

quency petition, respondent was adjudicated a PINS. Family Court's disposition included probation for up to one year, outpatient treatment, and an order of protection for the victim. Respondent appeals.

Respondent first argues that her consent was not obtained prior to the conversion of the juvenile delinquency proceeding to the PINS proceeding as required by Family Ct Act § 311.4 (1). However, the record reveals that the request to convert the proceeding originated with respondent's counsel. After hearing the proposal, including both the conversion and proposed disposition, Family Court then described the procedure in detail and obtained respondent's consent. Upon the conversion, the provisions of Family Ct Act article 3 no longer applied, and Family Ct Act article 7 governed (*see Matter of Tabitha LL.*, 87 NY2d 1009, 1010 [1996]; *Matter of Jennifer QQ.*, 63 AD3d 1232, 1233 [2009]). In compliance with those requirements, at the outset, respondent and her parents had expressly consented to the representation of the attorney for the child, and Family Court advised respondent of her right to remain silent, as required (*see* Family Ct Act § 741 [a]).

"[F]or admissions to the allegations of a PINS petition to be sufficient, the record must establish that the child is (1) fully advised by the Family Court of his [or her] rights and the waiver thereof engendered by . . . admitting the allegations of the petition, (2) questioned as to the allegations of the petition by the Family Court and (3) personally enters [the] admission to such charges on the record" (*Matter of Steven Z.*, 19 AD3d 783, 784 [2005] [internal quotation marks and citations omitted]). Family Court explained respondent's rights to her, advised her as to the consequences of making an admission and determined that she was not being forced or coerced into an admission. Respondent's counsel questioned her on the record about the allegations in the petition and, after ample opportunity for questions by respondent and her parents, respondent knowingly and intelligently entered her admission.

With regard to respondent's objections to the dispositional phase of the proceedings, as noted above, the arguments based on Family Ct Act article 3 are inapplicable in a PINS proceeding. Family Court informed respondent of the possible dispositional alternatives that could follow her admission and ultimately imposed the least-restrictive disposition as requested and agreed to by both respondent and petitioner (*compare Matter of Sarah HH.*, 203 AD2d 732, 733 [1994]).

Finally, we reject respondent's claim that she did not receive the effective assistance of counsel. Her attorney was fully pre-

pared and successfully advocated for respondent by requesting the conversion of the juvenile delinquency proceeding to a PINS proceeding and by obtaining the least-restrictive alternative as a disposition. Counsel provided meaningful representation and secured a favorable outcome for respondent (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *Matter of Jeffrey QQ.*, 37 AD3d 986, 987 [2007]).

Respondent's remaining contentions have been examined and found to be either unpreserved or without merit.

Mercure, J.P., Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.