██ In the Matter of Corey WW., a Person Alleged to be in Need of Supervision. Kevin P. Mohan, as Probation Officer at the Rensselaer County Probation Department, Respondent; Corey WW., Appellant. [941 NYS2d 761]—

Mercure, A.P.J. Appeal from an order of the Family Court of Rensselaer County (Cholakis, J.), entered June 15, 2011, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 7, to find respondent in violation of a prior order and extended respondent's term of probation for six months.

Respondent was adjudicated a person in need of supervision and placed on probation. After petitioner charged him with numerous violations of the terms of that probation, respondent

appeared before Family Court (Lalor, J.H.O.) and admitted to violating those terms by failing to abide by school rules. Family Court (Cholakis, J.) thereafter continued the order of disposition, but extended the period of probation supervision by six months. Respondent now appeals, arguing solely that Family Court (Lalor, J.H.O.) committed reversible error by failing to advise him of his right to remain silent prior to the admission allocution.

We agree and reverse. Initially, despite the expiration of the term of probation supervision imposed, the present appeal is not moot inasmuch as respondent's admissions carry collateral legal consequences that extend beyond the order of disposition (*see Matter of Brittny MM.*, 51 AD3d 1303, 1304 [2008], *appeal dismissed* 11 NY3d 780 [2008], *lv denied* 11 NY3d 713 [2008]; *Matter of Shaun U.*, 288 AD2d 708, 708 [2001]).

Turning to the merits, Family Ct Act § 741 (a) requires that a respondent be advised of his or her right to remain silent not only at the initial appearance, but also "at the commencement of any hearing under Family Court Act article 7" (*Matter of Jodi VV.*, 295 AD2d 659, 660 [2002]). Inasmuch as Family Court (Lalor, J.H.O.) failed to apprise respondent of that right during his appearances in this violation proceeding, the order of disposition must be vacated (*see Matter of Jessica GG.*, 19 AD3d 765, 765 [2005]; *Matter of Ashley A.*, 296 AD2d 627, 628 [2002]; *Matter of Shaun U.*, 288 AD2d at 709). Contrary to petitioner's assertion, the fact that respondent failed to seek to withdraw his admissions on this basis is of no consequence; the allocution was inadequate as a matter of law absent record evidence that respondent was "fully advised by the Family Court of his rights and the waiver thereof engendered by his admitting the allegations of the petition" (*Matter of Joseph G.*, 52 AD2d 924, 924 [1976]; *see Matter of Nichole A.*, 300 AD2d 947, 948 [2002]).

Lahtinen, Spain, Stein and McCarthy, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.