■ In the Matter of AARON UU., a Person Alleged to be in Need of Supervision. MADISON COUNTY ATTORNEY, Respondent; AARON UU., Appellant. [4 NYS3d 360]—

McCarthy, J. Appeal from an order of the Family Court of Madison County (McDermott, J.), entered March 7, 2014, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 7, to adjudicate respondent a person in need of supervision.

In the summer of 2013, respondent (born in 1998) allegedly violated an order of protection in favor of his mother. Petitioner filed a juvenile delinquency petition alleging that respondent committed an act that if committed by an adult would constitute the crime of criminal contempt in the second degree (see Penal Law § 215.50 [3]). The parties agreed to convert the matter to a person in need of supervision (hereinafter PINS) proceeding and petitioner filed a PINS petition to effectuate that agreement. Respondent consented to a PINS finding and Family Court placed him on supervised release on his own recognizance until the dispositional hearing. Due to multiple violations of the release conditions, petitioner sought revocation of respondent's release. The court placed respondent in the custody of the Madison County Department of Social Services (hereinafter DSS) to obtain a comprehensive diagnostic evaluation. After receiving the results of the evaluation and holding a dispositional hearing, the court placed respondent with DSS for one year. Respondent appeals.

Respondent argues that the juvenile delinquency petition and the PINS petition should each have been dismissed as legally insufficient. His argument concerning the juvenile delinquency petition is academic, inasmuch as that petition was supplanted by the PINS petition (cf. Matter of Jennifer QQ., 63 AD3d 1232, 1233 [2009]). Although the PINS petition itself does not adequately specify the acts supporting the accusations and the time and place where they allegedly occurred (see Family Ct Act § 732 [a] [i]), that petition states that it is being substituted for a juvenile delinquency petition and is based upon statements and depositions already on file with Family Court. Considering the allegations in the juvenile delinquency petition and the attached supporting documents, which are incorporated by reference in the PINS petition, the PINS petition is legally sufficient.

Family Court erred by failing to advise respondent of his rights. Pursuant to statute, at the initial appearance and at the commencement of any hearing concerning a PINS petition, Family Court must advise the respondent and his or her parent of the respondent's rights to remain silent and to be represented by counsel of his or her choosing or an assigned attorney (see Family Ct Act § 741 [a]; Matter of Jodi VV., 295 AD2d 659, 660 [2002]). Here, the court did not mention these rights at the first appearance on the PINS petition, at which time the court accepted respondent's consent to a PINS finding, nor at the dispositional hearing. The court's failure to advise respondent of these rights constitutes reversible error

(*see Matter of Ashley R.*, 42 AD3d 689, 689 [2007]; *Matter of Jessica GG.*, 19 AD3d 765, 765 [2005]; *Matter of Nichole A.*, 300 AD2d 947, 948 [2002]). Additionally, the court's colloquy prior to accepting that consent finding was inadequate; respondent merely answered "[y]es" when asked if he had a basic understanding of the proceeding and if he consented to a PINS finding, without any further discussion. To ensure that a PINS admission is knowingly and intelligently entered into, in a proper colloquy "[t]he respondent should at least state and admit the precise act, or acts, which constitutes the admission, and should be made aware on the record of the consequences, the dispositional alternatives, and the waiver of specific rights," as well as give an assurance of the lack of coercion and that he or she consulted with counsel (Merril Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 741 at 98; *see Matter of Karis OO.*, 84 AD3d 1495, 1496 [2011]; *Matter of Steven Z.*, 19 AD3d 783, 784 [2005]). Due to the inadequate colloquy and lack of advisement of rights, reversal is required, respondent's adjudication as a PINS is vacated and the matter is returned to the preadmission stage.

Based on our remittal, we need not address respondent's remaining contentions.

Peters, P.J., Lahtinen and Lynch, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Madison County for further proceedings not inconsistent with this Court's decision.