## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  May 19, 2016                    520842
_____

In the Matter of SARA BB.,
    a Juvenile Delinquent.

WILLIAM J. DURYEA JR., as
    Franklin County Probation          MEMORANDUM AND ORDER
    Officer,
                    Respondent;

SARA BB.,
                    Appellant.
_____

Calendar Date:  April 22, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Clark and Mulvey, JJ.

_____

        Reginald Bedell, Elizabethtown, for appellant.

        Jonathan J. Miller, County Attorney, Malone (David E.
LaPlant of counsel), for respondent.

_____

Clark, J.

        Appeal from an order of the Family Court of Franklin County
(Main Jr., J.), entered October 23, 2014, which granted
petitioner's application, in a proceeding pursuant to Family Ct
Act article 3, to find respondent in willful violation of a prior
order of probation, and placed respondent in the custody of the
Office of Children and Family Services for a period of one year.

        After having been adjudicated a juvenile delinquent,
respondent (born in 1997) was placed on probation for two years.
During the two-year period, petitioner commenced this proceeding
alleging that respondent willfully violated the order of

probation.  Family Court thereafter accepted respondent's admission to willfully violating the condition of her probation requiring her to refrain from engaging in activities that would constitute an offense if committed by an adult.  At that time, petitioner indicated to Family Court that he was committed to recommending at the dispositional hearing that respondent be placed in the custody of the Franklin County Department of Social Services (hereinafter DSS).  At the ensuing dispositional hearing, however, petitioner recommended that respondent be placed in the custody of the Office of Children and Family Services (hereinafter OCFS) and requested to be relieved of his prior commitment of recommending that respondent be placed with DSS.  Family Court granted petitioner's request, revoked respondent's probation and placed her in the custody of OCFS for a period of one year.  Respondent now appeals.

Initially, we observe that since respondent's placement under the order has expired, her challenge to that placement is now moot (see Matter of Clarence D., 88 AD3d 1074, 1075 [2011]; Matter of Clifton NN., 64 AD3d 903, 905 [2009]; Matter of Kashayla L., 56 AD3d 962, 962-963 [2008]).  Respondent's remaining contention, that she should have been allowed to reconsider her admission to violating the order of probation after learning of petitioner's changed position regarding the disposition, implicates the circumstances of her admission to the violation and, therefore, is not rendered moot (see Matter of Shaun U., 288 AD2d 708, 708 [2001]).  However, because respondent never moved to reconsider or withdraw her admission after learning of petitioner's changed position, such contention is unpreserved for our review (see Matter of David H., 88 AD3d 710, 711 [2011]; Matter of Brandon S., 305 AD2d 609, 610 [2003]).  In any event, the record establishes that, at the time that respondent entered her admission, Family Court informed her that it had a variety of dispositional options at its disposal, including the option of placing her in the custody of OCFS, and respondent affirmed that no one had made any promise to her regarding "what [the court] was going to do."  Accordingly, we find no basis upon which to disturb Family Court's finding that respondent willfully violated the order of probation.

Garry, J.P., Egan Jr., Lynch and Mulvey, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court