■ In the Matter of DANIEL XX., a Person in Need of Supervision. TOMPKINS COUNTY PROBATION DEPARTMENT, Respondent; DANIEL XX., Appellant. [51 NYS3d 683]—

Devine, J. Appeal from an order of the Family Court of Tompkins County (Cassidy, J.), entered June 21, 2016, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 7, to find respondent in violation of his

probation, and placed him in the custody of the Tompkins County Department of Social Services.

In March 2016, respondent was adjudicated a person in need of supervision (hereinafter PINS) due to his excessive school absences and was placed on probation until December 31, 2016. Petitioner commenced this proceeding in May 2016 (*see* Family Ct Act § 779-a), alleging that respondent had violated the terms and conditions of his probation through his continued truancy and failure to engage in a support program as required. Family Court revoked respondent's probation after a hearing and placed him in the care of the Tompkins County Department of Social Services until May 2017. Respondent now appeals.

"Family Court Act § 741 (a) requires that at a respondent's initial appearance in a proceeding and at the commencement of any hearing under Family Court Act article 7, the respondent and his or her parent or other person legally responsible for his or her care be advised of the respondent's right to remain silent" (*Matter of Jodi VV.*, 295 AD2d 659, 660 [2002]; *see Matter of Aaron UU.*, 125 AD3d 1155, 1156 [2015]). Respondent may not, contrary to his contention, challenge the underlying PINS adjudication on this basis since there is no appeal from the March 2016 dispositional order before us (*see Matter of Jordan ZZ.*, 293 AD2d 785, 786 [2002]; *Matter of Yamoussa M.*, 220 AD2d 138, 142 [1996]). Respondent also argues that Family Court did not comply with Family Ct Act § 741 in this proceeding, however, and our review confirms that Family Court failed to apprise him of his right to remain silent at either the initial appearance or fact-finding hearing. As a result, the appealed-from order of disposition must be vacated (*see Matter of Corey WW.*, 93 AD3d 1130, 1131 [2012]; *Matter of Jessica GG.*, 19 AD3d 765, 765 [2005]; *Matter of Ashley A.*, 296 AD2d 627, 628 [2002]). Respondent's remaining contentions are academic.

McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court's decision.