Matter of Tyler D. (2018 NY Slip Op 07427)





Matter of Tyler D.


2018 NY Slip Op 07427


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2017-03609
 (Docket No. S-835-15)

[*1]In the Matter of Tyler D. (Anonymous), appellant.


William E. Horwitz, Ardsley-on-Hudson, NY, for appellant.
Jennifer S. Bumgarner, County Attorney, Carmel, NY (Gloria R. Tressler of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 7, Tyler D. appeals from an amended order of fact-finding and disposition of the Family Court, Putnam County (James F. Reitz, J.), dated March 17, 2017. The amended order, after a fact-finding and dispositional hearing, restored the matter to the calendar, vacated a prior order of adjournment in contemplation of dismissal of the same court dated December 5, 2016, adjudged the appellant to be a person in need of supervision, and directed that he be placed in the custody of the Putnam County Commissioner of Social Services for a period of up to 12 months.
ORDERED that the amended order of fact-finding and disposition dated March 17, 2017, is reversed, on the law, without costs or disbursements, the prior order of adjournment in contemplation of dismissal dated December 5, 2016, is reinstated, and the matter is remitted to the Family Court, Putnam County, for further proceedings.
In September 2015, the assistant principal of the appellant's high school filed a petition pursuant to Family Court Act article 7 seeking to have the appellant adjudicated a person in need of supervision (hereinafter the PINS petition) on the grounds that, among other things, the appellant was persistently truant from school. Thereafter, the appellant, represented by counsel, admitted to truancy and consented to the entry of an order by the Family Court adjourning the matter in contemplation of dismissal (hereinafter the ACD order). After two extensions of the ACD order, the Putnam County Probation Department filed an application to restore the matter to the calendar, alleging that the appellant violated the terms of the ACD order by failing to regularly attend school.
On March 1, 2017, after several other appearances and receipt of a forensic report, the Family Court held a fact-finding and dispositional hearing and heard testimony from three witnesses regarding the appellant's failure to regularly attend school. In the March 17, 2017, order appealed from, the court, having determined that the appellant violated the terms of the ACD order, restored the matter to the calendar, vacated the ACD order, adjudged the appellant to be a person in need of supervision, and directed that he be placed in the custody of the Putnam County Commissioner of Social Services for a period of up to 12 months.
Although the appellant's term of custody has expired by the terms of the order appealed from, the order is not academic in light of the enduring consequences which might flow [*2]from the finding that the appellant violated the terms of the ACD order (see generally Matter of Gabriela A., 23 NY3d 155, 161 n 2; Matter of Bickwid v Deutsch, 87 NY2d 862, 863; Matter of Corey WW., 93 AD3d 1130, 1131).
Family Court Act § 741(a) provides, in relevant part: "[a]t the initial appearance of a respondent in a proceeding and at the commencement of any hearing under this article, the respondent and his or her parent or other person legally responsible for his or her care shall be advised of the respondent's right to remain silent" (emphasis added). The failure to apprise a respondent of the right to remain silent constitutes reversible error, even if the respondent consents to the disposition in the presence of counsel (see Matter of Nicole A., 300 AD2d 947, 948; Matter of Jodi VV., 295 AD2d 659, 659: see also Matter of Aaron UU., 125 AD3d 1155, 1156) or fails to seek to withdraw his or her admissions based on the failure (see Matter of Corey WW., 93 AD3d at 1131).
Here, the Family Court never apprised the appellant of his right to remain silent—not at the initial appearance on the PINS petition, nor prior to accepting his admission to the allegations in the petition and entering the ACD order, nor at the fact-finding and dispositional hearing on March 1, 2017, addressing the alleged violation of the ACD order. The court's failure to advise the appellant of his right to remain silent cannot be considered harmless error (see Matter of Mark J., 259 AD2d 40, 42-43), as the court never advised the appellant of his right to remain silent at any time during the course of this proceeding or the original PINS proceeding. Thus, the order must be reversed (see Matter of Daniel XX., 149 AD3d 1231, 1232; Matter of Jodi VV., 295 AD2d 659, 660; see also Matter of Chad M., 208 AD2d 541).
In light of our determination, we need not reach the appellant's remaining contention.
MASTRO, J.P., BALKIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court