Matter of Skylar DD. (2020 NY Slip Op 02700)





Matter of Skylar DD.


2020 NY Slip Op 02700


Decided on May 7, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 7, 2020

529673

[*1]In the Matter of Skylar DD., Alleged to be a Person in Need of Supervision. Massena Central School District, Respondent; Skylar DD., Appellant.

Calendar Date: March 24, 2020

Before: Clark, J.P., Mulvey, Devine, Pritzker and Colangelo, JJ.


William L. Koslosky, Utica, for appellant.
Pease & Gustafson, LLP, Massena (Virginia A. Gettmann of counsel), for respondent.



Mulvey, J.
Appeal from an order of the Family Court of St. Lawrence County (Richey, J.), entered July 17, 2019, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 7, to adjudicate respondent a person in need of supervision.
Petitioner commenced this proceeding seeking to have respondent (born in 2004) adjudicated a person in need of supervision (hereinafter PINS) on the grounds of, among other things, excessive unexcused absences, unexcused tardiness and disciplinary incidents at school. At the first court appearance, Family Court advised respondent of his rights and issued a temporary order of supervision. At a later appearance, respondent admitted to the allegations and the court adjudicated him a PINS. At the end of the dispositional hearing, the court ordered that respondent be placed in the custody of the St. Lawrence County Department of Social Services for a period of 12 months. Respondent appeals.
Family Court conducted an adequate colloquy prior to accepting respondent's admissions. At the first appearance and at the commencement of the fact-finding hearing, the court adhered to its statutory obligation to "advise the respondent and his or her parent of the respondent's right to remain silent and to be represented by counsel of his or her choosing or an assigned attorney" (Matter of Aaron UU., 125 AD3d 1155, 1156 [2015]; see Family Ct Act § 741 [a]). "To ensure that a PINS admission is knowingly and intelligently entered into, in a proper colloquy the respondent should at least state and admit the precise act, or acts, which constitutes the admission, and should be made aware on the record of the consequences, the dispositional alternatives, and the waiver of specific rights, as well as give an assurance of the lack of coercion and that he or she consulted with counsel" (Matter of Aaron UU., 125 AD3d at 1157 [internal quotation marks, brackets and citations omitted]; see Family Ct Act §§ 741 [a]; 743 [a]; Matter of Steven Z., 19 AD3d 783, 784 [2005]). Family Court engaged in such a colloquy here. Although the court initially recited incorrect dates when asking respondent, in three separate questions, whether he engaged in the acts alleged (including the 39 unexcused absences, the 55 unexcused instances of tardiness and the 38 disciplinary referrals), after being advised of the error, the court confirmed with respondent that this behavior occurred between September 2017 and November 2018. Thus, the court's colloquy was adequate to find that respondent knowingly and intelligently entered his PINS admissions (see Matter of Karis OO., 84 AD3d 1495, 1496 [2011]; compare Matter of Steven Z., 19 AD3d at 784).
Respondent was not deprived of the effective assistance of counsel. Considering that the record contains documents from petitioner substantiating respondent's absences, tardiness and disciplinary referrals, it was a reasonable strategy for counsel to have respondent admit the allegations of the petition, which demonstrated some acceptance of responsibility for his actions. At the dispositional hearing, counsel submitted a letter from respondent's counseling service indicating his mental health diagnosis and dates that he had attended counseling. Counsel also argued that, although respondent should be placed outside of his mother's home, he should be placed with his grandparents. Family Court noted counsel's "rational argument," but concluded that respondent needed more supervision than his family could provide. Contrary to respondent's argument that counsel was ineffective for failing to call witnesses at the dispositional hearing, petitioner had not called any witnesses and it is possible that counsel made a reasoned choice to not call the grandparents and expose them to cross-examination. Considering the law, the evidence and the circumstances in their totality and as of the time of representation, we cannot conclude that respondent was deprived of meaningful representation (see Matter of Jesse WW., 240 AD2d 885, 887 [1997]; Matter of Jeremy L., 220 AD2d 908, 909 [1995], lv denied 87 NY2d 807 [1996]; Matter of Tina PP., 188 AD2d 704, 705 [1992], appeal dismissed 81 NY2d 834 [1993]; see also Matter of Jeffrey QQ., 37 AD3d 986, 987 [2007]).
We have reviewed the remaining contentions and deem them to be without merit.
Clark, J.P., Devine, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.